NOAH COOK, Plaintiff in Error, v. ASEL HOYT, Defendant in Error.

### ERROR TO HANCOCK.

A party who has not been guilty of negligence, by omitting to take an appeal from the judgment of a justice of the peace in proper time, is entitled to take the cause to the Circuit Court, by certiorari.

Negligence is not attributable to a defendant who could not take an appeal in time, without omitting a paramount duty to others.

Cook v. Hoyt.

Cook filed his petition in the Hancock Circuit Court, representing that, on the third day of June, A. D. 1848, Hoyt recovered a judgment against him before John Banks, a justice of the peace, for $70 and costs. That said judgment was erroneous and unjust, setting forth the circumstances connected with the suit, which made its injustice apparent. That he was present at the trial, and defended as well as he might, and was not guilty of any negligence in the premises. That immediately after the rendition of the judgment against him, he applied to the justice for a transcript of his docket, &c., in order to take the case to the Circuit Court by appeal. That the justice refused to give him a transcript, &c. That on the 12th day of June, he called upon the justice with an appeal-bond, signed and conditioned according to law, with a responsible surety, and left the bond at the house of the justice, who was then absent. That the justice, contrary to the expectations of Cook, did not approve the bond, but after the expiration of twenty days, issued an execution upon the judgment. That Cook did not and could not make other and further efforts to appeal from said judgment, because he was a practising physician, living fifteen miles distant from the county-seat, and eighteen miles distant from the office of the justice; that during said twenty days, he was necessarily engaged in attending to two patients dangerously ill, one of whom subsequently died of his illness; that he was attending upon a patient in the State of Iowa, four days of the twenty next succeeding the judgment, during which four days, the twenty days allowed for the appeal expired. The petition concluded with a prayer for a certiorari, which was granted.

On the return of the certiorari, Hoyt moved to have it dismissed, because the petition did not set forth sufficient reasons. The Circuit Court, at April term, 1849, MINSHALL, Judge, presiding, sustained the motion to dismiss, and gave judgment against Cook for costs.

The error assigned, is that the motion to dismiss the certiorari was improperly sustained.

BROWNING & BUSHNELL, for plaintiff in error.

WARREN & EDMONDS, for defendant in error.

TREAT, C. J. The petition shows that the judgment was unjust, and that it was not the result of negligence on the part of the plaintiff in error. The only question in the case, is, whether he made use of due diligence to take an appeal in the ordinary way. On this point, he states that he offered to take an appeal when the judgment was rendered, and for that purpose demanded a transcript of the judgment, which the justice refused to make. At the end of nine days, he went again to the office of the justice, eighteen miles distant from his residence, with an appeal-bond executed by a responsible surety, for the purpose of perfecting an appeal; but the justice was absent, and he left the bond, under the impression that the justice would approve the same. He also states that he could make no further effort to procure an appeal within the twenty days, because of his necessary attendance, as a physician, upon patients dangerously ill. We think he was entitled to a certiorari. He cannot be justly charged with negligence, under the circumstances detailed in the petition. He made two attempts to take an appeal; one on the day the judgment was entered, which was frustrated by the refusal of the justice; the other nine days afterwards, which was defeated by the absence of the justice. From that time until the expiration of the twenty days, he could make no other effort to obtain an appeal, without neglecting his duty to his patients. His peculiar situation may properly be taken into consideration, in determining the question of diligence. What may constitute diligence in one person, may not be diligence in another differently situated. If the plaintiff could have left his patients without a violation of his professional duties, he ought to have made further efforts to perfect an appeal. But he was not bound to put their lives in jeopardy by so doing. Common humanity would forbid such a course. This case is clearly distinguishable from White *v.* Frye, 2 Gilm. 65. There, the party resided in the precinct of the justice, and the fact that he called twice at the office of the justice to take an appeal, was held not to be sufficient diligence. But it was strongly intimated, that it would be other-

wise in a case like the present. The Court said: " There is no doubt that, under certain circumstances, the attention shown in this particular case, might be held to have been sufficient. If, for instance, the petitioner could have shown that he resided far from town, and that he had no means of readily communicating with the justice, or that, by some pressing business, he was prevented from repeating his calls."

The judgment is reversed, and the cause remanded.

*Judgment reversed.*