BERNHARD OTTEN

*v.*

JACOB LEHR.

1. CERTIORARI—*under the statute—excuse for not appealing.* Where a party to a suit before a justice of the peace, upon the rendition of judgment against him, gave notice of an appeal, and upon his return home, a distance of thirteen miles, was taken severely sick so that he could not leave without danger to his life, until a few days before the expiration of the time allowed in which to take an appeal, and the justice in the meantime had refused to send him a transcript and bond, and it appeared that as soon as he was able he went to the justice, taking two sureties with him, either of whom was abundantly good, and offered to perfect the appeal, but that the justice refused to approve the security; that he then sent for another person to sign with him, but such person was absent, and on account of his feeble health he was unable to procure other sureties or perfect his appeal in the circuit court, the county seat being twenty miles distant: *Held,* that the party was clearly entitled to take the case up on *certiorari,* having used all the diligence that the law requires to perfect his appeal.

2. ADMISSION—*by the pleadings.* A motion to dismiss a *certiorari* under the statute for insufficiency of the petition, admits all the allegations of the petition to be true.

3. COSTS—*in circuit court, on reversal of judgment of county court.* Where the circuit court reverses the judgment of the county court, and remands the cause, it is proper to render judgment against the appellee for the costs on the appeal in the circuit court.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of replevin, brought by Jacob Lehr, the appellee, against Bernhard Otten, before a justice of the peace, for a horse. A judgment was rendered in favor of the defendant. The plaintiff, being unable to perfect an appeal for the reasons stated in the opinion, removed the cause to the county court of St. Clair county by *certiorari,* under the statute. The county court quashed the *certiorari,* and from this judgment the plaintiff appealed to the circuit court, where the judgment of the county court was reversed and the

cause remanded to the latter court.    From this last judgment
the defendant (appellee in the circuit court) appealed.

Mr. S. M. KASE, for the appellant.

Mr. WM. WINKELMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was commenced before a justice of the peace.  A
trial was had before the justice and a jury, which resulted in
a judgment in favor of appellant.  Appellee being prevented,
as he alleges, from taking an appeal in the ordinary way, re-
moved the cause to the county court of St. Clair county by a
writ of *certiorari.*  A motion was made in that court to quash
the writ and dismiss the appeal, on the ground the facts stated
in the petition were not sufficient to show it was not in the
power of the petitioner to have taken an appeal in the ordinary
way, which motion was sustained and the appeal dismissed.
Appellee then prosecuted an appeal to the circuit court, where,
on a hearing, the judgment of the county court was reversed
and the cause remanded.    That decision of the circuit court
is assigned for error.

The petition sets forth and shows, on the oath of the pe-
titioner, every material fact required by the statute to author-
ize the issuing of the writ, and the motion to dismiss admits
the allegations to be true.

Regarding the facts stated in the petition as being true, we
think the petitioner has shown unusual diligence in his efforts
to take an appeal in the mode pointed out in the statute.
Immediately upon the rendition of the judgment, he gave
notice of an appeal.  He lived thirteen miles from the office
of the justice, and on his return home, within four days after
the trial, he was attacked with a severe sickness, and was
unable, without danger to his life, to leave his house until a
few days before the expiration of the time allowed by law in
which to take an appeal.  In the meantime he had sent to the
justice for a transcript and bond, which he refused to send.

He then took two sureties, either of whom is shown to have been abundantly sufficient, and offered to perfect the appeal, but the justice, without any reasonable excuse, refused to approve the sureties. The justice told him, if he would procure one Weber, living in an adjoining county, to sign the appeal bond, he would approve the security. Appellee then sent for Weber, but he being temporarily absent, his attendance could not be procured. On account of the feeble health of the petitioner, he was unable to procure other sureties. It was twenty miles to the county seat, and in his condition of health it would have been hazardous for him to have taken a transcript and gone there to perfect the appeal. Indeed, this was more than the law required of him. He had done all under the circumstances he was reasonably bound to do. *Cook* v. *Hoyt*, 13 Ill. 144.

Upon the facts stated in the petition, the circuit court decided correctly in reversing the judgment of the county court.

It is insisted, the circuit court erred in rendering judgment against appellant for costs on reversing the judgment of the county court, and that the costs should follow the event of the suit.

It is provided by the statute (Laws 1872, p. 326,) that appeals and writs of error from final judgments in the county court to the circuit court shall be taken and tried in the same manner as is now or may hereafter be provided by law for appeals and writs of error from the circuit to the Supreme Court.

On the hearing of causes in this court, the successful party recovers costs, and no reason is perceived why the same practice should not prevail in the circuit court. As we understand the judgment rendered against appellant, it is only for costs on the appeal in the circuit court. There was no error in adjudging such costs against him.

No error appearing, the judgment is affirmed.

*Judgment affirmed.*