PEORIA, DECATUR & EVANSVILLE RAILWAY COMPANY
v.
MARY A. DUGGAN ET AL.

*Injunctions—Railroads—Judgment—Justice Courts—Jurisdiction of—Summons—Improper Return—Sec. 21, Chap. 79, R. S.*

Where, in an action against a railroad company in a justice court, the summons was served properly, and judgment was rendered against the company, equity will not enjoin the collection thereof on the ground that the return on the summons was not properly made by the constable.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Moultrie County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. STEVENS & HORTON and JOHN R. EDEN, for appellant.

Messrs. CONNOLLY & MATHER, for appellees.

WALL, J. This was a bill in chancery filed in the Circuit Court of Moultrie County by the Peoria, Decatur and Evansville Railway Company, to enjoin the collection of a judgment rendered against the complainant in favor of Mary A. Duggan, by a justice of the peace of said county, for $114 and costs. The bill alleged that the judgment was void because the justice had no jurisdiction of the defendant therein, the supposed want of jurisdiction being based upon an insufficient return of service as it was regarded by the complainant. That return was as follows:

"I served the within summons by delivering a true copy thereof to Thomas E. Mayes, agent of the P. D. & E. Ry. Co., the president of said company not being found in my county," etc.

The bill as amended averred that the complainant was not indebted to said Duggan for any part of the claim upon which said judgment was founded, and that it was never in any manner served with process in said cause, and never had any opportunity to defend against said claim. The bill was answered and the cause was heard upon the merits. A final decree was entered dismissing the bill at the cost of complainant. The record is brought here by appeal, and error is assigned upon the decree. It is urged, first, that the return was insufficient, and therefore the judgment was void.

It is provided by Sec. 21, Chap. 79, relating to proceedings before the justices of the peace, that "An incorporated company may be served by leaving a copy of the summons with its president, secretary, superintendent, general agent, cashier or principal clerk, if either can be found in the district in which the suit is brought; if neither shall be found in the district, then by leaving a copy of the summons with any director clerk, engineer, conductor, station agent, or any agent of such company found in the district." It will be noted that this section differs somewhat from Sec. 4 of Chap. 110, relating to practice in courts of record, which provides for service upon the president if found in the county, and if not, upon any other officer or agent who might be so found. The section relating to practice before justices of the peace seems to require that the service should be had upon the president, secretary, superintendent, general agent, cashier or principal clerk, and if none of these can be found, then upon one of the other officials or agents named, and to make the return good in form when service was had upon one not of the list first named, it should appear that none of these in that list could be found. The return was therefore defective, and upon the face of the record there was, technically at least, no jurisdiction of the defendant in said judgment.

It appears from the evidence that Mr. Mayes, upon whom the writ was served, was the station agent of the company at

Dalton City, where the suit was brought before a justice of that district or precinct; that the president of the company resided in Chicago; that the general offices of the company were in Peoria; that the general officers of the company had their headquarters there, and that they were not at Dalton City on the day the writ was served unless possibly they passed through, and that Mr. Mayes had no recollection of seeing them, or any of them, on said day, and that he sent the copy of summons, which was given to him by the constable, to the general manager of the company. Though the return was informal, there was in fact good service made in the mode and by the officer as the statute provides, and the fact of service was made known to the general manager of the company. Had the company interposed an objection before the justice, the return could have been made formal, but that would have added nothing to the notice the company received. It received the notice which the law requires and it had ample opportunity to make any defense it had to the demand.

Where a judgment is obtained by fraud, accident or mistake, without notice to the defendant, or if he has notice under such circumstances as would render it unreasonable to hold him bound by the notice, and where the judgment is itself unjust and inequitable in whole or in part, equity will grant necessary relief by enjoining so much of the judgment as ought not to be collected. But all these elements must co-exist and it must also appear that the complainant has not been negligent and that his *laches* or omission to protect or defend himself has not materially caused the condition of things of which he complains. In Freeman on Judgments, Sec. 495, the general doctrine as to want of notice is thus stated:

" If it satisfactorily appears that the defendant was not summoned and had no notice of the suit, a sufficient excuse is shown for his neglect to defend and equity will not allow the judgment, if unjust, to be used against him." We quote from Pomeroy's Eq. Jur., Vol. 3, Sec. 1361: "It is not such a special equitable ground of interference that the party has, by his own act or omission, failed to effectually avail himself of a valid defense at law, nor that the court of law has decided

a question of law or fact erroneously;" and again Sec. 1364: "That where the legal judgment was obtained or entered through fraud, accident or mistake, or where the defendant in the action, having a valid legal defense on the merits, was prevented in any manner from maintaining it by fraud, mistake or accident, and there has been no negligence, *laches* or other fault on his part, or on the part of his agents, then a court of equity will interfere and restrain proceedings in the judgment which can not be conscientiously enforced;" and in the note to the latter section it is said that a party seeking the aid of a court of equity must show diligence and that a judgment will not be enjoined for any defense or right which could have been asserted in the court of law.

If the party by the use of diligence could not have prevented the judgment or availed himself of his defense, and has by fraud, accident or mistake had a judgment rendered against him, he must also show that the judgment is in whole or in part inequitable; for if it is not so, equity will not interfere but will let the plaintiff enjoy whatever advantage the judgment may give him. Freeman on Judgments, Sec. 498; C. & St. L. R. R. Co. v. Holbrook, 92 Ill. 297; Colson v. Leitch, 110 Ill. 504.

We have been referred to no case where, as here, there was really good service, though by an insufficient return it appeared otherwise, and probably no such case can be found.

In the amendment to the bill the complainant alleged "that it never was in any manner served with process and never had any opportunity to defend against such pretended claim;" and thus it states what must be regarded as a necessary condition to the exercise of equitable jurisdiction, that is, that there was no notice and no opportunity of defense.

We are not to be understood as saying that if there had been no attempt at service the defendant would be bound to attend and enter his appearance because he might happen to know that the case was set for trial at a particular time and place. We merely pass upon the case before us, which is that there was due service in fact, but no proper return

thereof. It would not comport with the principles and maxims which prevail in equity that a party who is actually served may allow a judgment to be rendered against him without objection and then seek to be released therefrom on the ground that by the mere mistake or oversight of the officer serving the writ, the return does not show proper service. The neglect of the plaintiff to have such return amended can not help the matter. It is not the course of equity to afford relief on such merely technical grounds, which might have been obviated by the act of the complainant and which did not prevent him from manifesting whatever defense he had. On the contrary, the relief afforded in equity often proceeds upon the ground that by some technical rule an inequitable result has been accomplished. It never proceeds upon the ground of a mere technical objection to legal proceedings where the complainant was not precluded from a legal defense. To grant relief upon the case presented by this record would reverse fundamental principles of equity jurisprudence.

In considering the point of diligence we leave entirely out of view the question whether the judgment might have been set aside upon a common law writ of *certiorari.*

As to the merits of the case we find that excepting one item of $18.75 the plaintiff had apparently a good equitable, if not a legal demand. As to that item the defense of *res judicata* might properly have been made. To this extent, and perhaps further, the complainant might have successfully interposed objections in the court of law.

That it did not make such resistance was not because it had not the opportunity to do so, upon due notice. In the case of C. & St. L. R. R. Co. v. Holbrook, *supra*, is was urged that the judgment was the product of false testimony, but the Supreme Court held it by no means followed that appellant was thereby entitled to relief, saying, " When the railroad company was served with process, if it had a defense, the law required it to appear and set up that defense and establish it by evidence. Had this course been pursued no judgment would have been rendered. But where a party has been served

with process and neglects to appear and defend and suffers judgment to be rendered by default, it has long been settled that a court of equity will not relieve the negligent from such a judgment." Hendrickson v. Henckley, 17 How. 443.

We are of opinion that the decree dismissing the bill was right, and it will be affirmed.

*Judgment affirmed.*