## Phil Fisher v. Pennsylvania Company.

### Gen. No. 11,637.

1. CERTIORARI—*when petition for, sufficient.* A petition for a writ of *certiorari* filed for the purpose of reviewing a judgment of a justice of the peace is sufficient which alleges, among other things, that the attorney of the party obtaining the judgment promised the petitioner that no judgment would be taken before the justice until a bill of par-

ticulars had been furnished, that such a judgment was taken in breach
of such promise, and that the clerk of the justice became a party to
the deception by informing the petitioner after judgment had in fact
been entered that nothing had been done in the action.

Action commenced before justice of the peace. ' Error to the Superior
Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding.
Heard in the Branch Appellate Court at the March term, 1904. Affirmed.
Opinion filed April 18, 1905.

ADOLPH MARKS, for plaintiff in error.

GEORGE WILLARD, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit originally brought by plaintiff in error
before a justice of the peace. Judgment was there ren-
dered against the defendant, by whom the cause was taken
into the Superior Court under a writ of *certiorari*. The
plaintiff thereupon entered his special appearance in the
Superior Court for the purpose of moving to quash the writ.
The motion was denied. Afterward, on motion of defend-
ant's attorney, plaintiff was ruled to file a bill of particu-
lars within five days. This not having been done, defend-
ant's attorney moved, upon notice, to dismiss the suit at
plaintiff's costs for non-compliance with the rule. This was
done, and plaintiff asks us to reverse the judgment.

It is urged that the Superior Court had no jurisdiction
to entertain the petition for writ of *certiorari*. The statute
provides (R. S., chap. 79, sec. 76) that "the petition for writ
of *certiorari* shall set forth and show upon the oath of the
applicant, or his agent, that the judgment before the justice
of the peace was not the result of negligence in the party
praying such writ; that the judgment in his opinion is
unjust and erroneous, setting forth wherein the injustice
and error consists, and that it was not in the power of the
party to take an appeal in the ordinary way, setting forth
the particular circumstances which prevented him from so
doing." The writ was issued a few days over a month
from the time of the rendition of the judgment. The peti-
tion sets forth a transcript certified by the justice before

whom the cause was tried, from which it appears that the case was continued seven consecutive times between July 3 and September 24, 1903, when judgment was entered; that the defendant was not present nor represented, and that summons was served June 30th returnable July 3rd, less than "three days before the time of trial mentioned therein," contrary to the statute (R. S., chap. 70, sec. 17). The petition further recites in substance that defendant's solicitor, upon whom the summons was served, immediately undertook to ascertain what the suit was about, and was promised by plaintiff's attorney, a promise often renewed, that a bill of particulars should be furnished, and that the suit should be continued from time to time until this was done; that such promise was relied upon for the reason, among others, that it was the only practical way to find out what the suit was about, the defendant company being engaged in operating about 1,200 miles of railroad with a large number of agents and employees; that while promising such bill of particulars, plaintiff's attorney never informed defendant's agents or attorneys what the alleged cause of action was; that September 28th and again the next day, defendant's agents, who made inquiry at the office of the justice, were informed by the official clerk of the justice that there had been no service in the case and that nothing had been done therein; that defendant's attorney and agents relied on said information and thereafter heard nothing further about the cause or claim, until on the 22nd of October, when a constable called with an execution and demanded payment of $200 with interest and costs; that since that time defendant's attorneys and agents have been unable to learn what said suit and judgment were for, and are unable to determine whether defendant is liable or not in such suit; and that for the purpose of the petition defendant waives the question of jurisdiction of the justice because of defective service of summons.

We regard the petition as sufficient. The statement of facts which is to be taken as true on the motion to quash (Otten v. Lehr, 68 Ill. 64), tends to show that the judgment

before the justice was not the result of negligence on the part of the defendant, to show wherein in the opinion of the petitioner the injustice and error in the judgment consists, and the circumstances which prevented an appeal from the judgment within the twenty days allowed by statute. It is true that defendant's agents, when told by the clerk of the justice that nothing had been done in the suit, ought perhaps to have examined the docket and not to rely on such information in the exercise of the highest diligence (First National Bank of Chicago v. Beresford, 78 Ill. 392), but it appears they were relying on the promise of the plaintiff's attorney that nothing would be done until a bill of particulars was furnished; and the statement by the clerk of the justice was in the nature of an assurance that the attorney was keeping his word. We regard the reason given for believing the judgment unjust and erroneous as sufficient. When a party cannot find out before or after judgment what the cause of an action against him is, or that there is any such cause, he is justified in believing it unjust and erroneous. The statement made by the clerk of the justice that the suit had been "dropped for want of service of summons" might very well be believed in view of the officer's return upon the summons, which failed to show that all the officials of the company upon whom or either of whom by statute service should be had (R. S., sec. 21, chap. 79) were not found in the county. See P. D. & E. Ry. Co. v. Duggan, 32 Ill. App. 351–352.

We are of opinion, therefore, that the Superior Court correctly denied the motion to quash the writ, and the judgment will be affirmed.

*Affirmed.*