92  297
32a 354

92  297.
53a 441

92     297
95a ⁵380
f95a ⁵381

</div>

### Cairo and St. Louis Railroad Company

*v.*

### Henry Holbrook

1.  Process—*sufficiency of return of service.*  A sheriff's return of service of summons against a railway corporation, indorsed on the writ, was: "Sept. 4, 1872, served by reading to and delivering a true copy to C D, a director of the defendant, the president of the defendant not residing or being found in my county:" *Held*, on bill to enjoin the collection of the judgment recovered in the suit, that the return was sufficient and gave the court jurisdiction.  It sufficiently appeared *what* was served and of *what* a copy was delivered.

2.  Where the plain and obvious meaning of the language used in a return of service of process shows a substantial compliance with the requirements of the statute, it will be sufficient when the judgment is attacked collaterally.

3. Same—*impeaching return of service.* If the return of an officer on a summons made in the discharge of an official duty can ·be impeached in a collateral proceeding by parol, the evidence must be clear, certain and positive.

4. Former adjudication—*decision in this court.* When, on appeal or writ of error, this court decides a point which is raised and presented for its adjudication, the decision will be held conclusive, and a bar to its consideration when again presented on bill to enjoin the collection of the judgment in the original case.

5. Chancery—*relief against judgment—negligence.* Where a party has been regularly served with process and neglects to appear and defend, and suffers judgment to be taken by default, and has not been prevented from making a defence by fraud, or accident unmixed with negligence on his part, a court of equity will not afford him any relief against the judgment though it may be unjust.

Appeal from the City Court of Alton; the Hon. Henry S. Baker, Judge, presiding.

Messrs. Judd & Whitehouse, and Messrs. Searls & Payson, for the appellant.

Mr. Charles W. Thomas, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by the Cairo and St. Louis Railroad Company, against Henry Holbrook, to enjoin the collection of a judgment rendered by default, in favor of Holbrook, in the circuit court of St. Clair county, at the October term, 1872, against the company, for the sum of $9500.

It is first contended that the circuit court did not acquire jurisdiction over the railroad company by proper service of summons, and upon this ground the judgment is void.

The fourth section of the act of 1872 in regard to practice in courts of record, Laws of 1872, p. 339, which was in force when the summons was served, provides, "An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary,

superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county." The return on the summons by the sheriff was as follows:

*" September* 4, *A. D.* 1872.

Served by reading to and delivering a true copy to Wm. R. Morrison, a director of the defendant, the president of the defendant not residing or being found in my county.

James W. Hughes, Sheriff."

The objection to the sufficiency of the service, as we understand it, is, that the return fails to show *what* was served and is silent as to a copy of *what* was delivered. The objection is exceedingly technical, and one that can not be sustained without giving the return a strained and unnatural construction, which we do not understand the policy of the law requires. The return was endorsed on the back of the summons, and when the officer stated that he served by reading and delivering a true copy to Wm. R. Morrison, a director of the defendant, the common sense of the language used was sufficient to convey the meaning to any person of ordinary capacity that he had served the writ by delivering a copy thereof, and this is all that could be required. In *McNab* v. *Young*, 81 Ill. 11, where the sheriff returned "I have, this 10th day of May, 1863, served the —— writ by leaving a true —— of the same in the hands of Horatio N. Heald," the same was held to be sufficient. The court said: "By every fair and reasonable intendment, as to Heald the service was good. It is impossible to doubt, although the word copy is omitted from the whole return, a copy of the writ was left with Heald."

In *Chicago and Pacific Railroad Co.* v. *Kœhler*, 79 Ill. 354, where the sheriff made a return, "Served the within named railroad company by reading the same and delivering a copy thereof to J. G. Ogden, cashier of said railroad company, this 24th day of March, 1875, the president of said company could not be found in my county, this 5th day of April, 1875," this return was held to be sufficient, notwithstanding it did

not state in terms that the writ was read and there was a doubt as to the date of service. Other decisions bearing on the question might be cited, but it is not necessary. The plain and obvious meaning of the language used in the return shows a substantial compliance with the statute in the service of the summons, and this is all that is required.

It is also urged that the return is not true, and this position is based on the testimony of Mr. Morrison, who in substance said he had no recollection of ever being served, still he might have been. The return of an officer on a summons made in the discharge of an official duty can not be impeached by testimony so uncertain as this. The fact that Morrison did not remember that he was served, fails to establish a want of service. It would be a dangerous precedent to hold that the validity of a judgment rested on such uncertain and unreliable evidence. If it did, but few persons would be willing to risk titles to real estate, based, as they are in many cases, upon judgments of our courts.

It is next contended, that if the service was sufficient the complainant was deprived of a day in court, because the evidence was heard and the damages assessed on a day prior to the time the case was set for a hearing by the clerk of the court. This question was before us at the June term, 1874, when the cause was brought here on the decision of the circuit court refusing to amend the record, and the point now raised was decided adversely to the complainant. *Cairo and St. Louis Railroad Co.* v. *Holbrook*, 72 Ill. 419. That decision must be held conclusive.

The next point relied upon is, that the defendant had no just or legal demand against the railroad company, and that the judgment was obtained by the false testimony of the defendant. Suppose it be true that the defendant had no legal demand against the railroad company at the time he obtained the judgment, and that the judgment was obtained by false testimony, it by no means follows that the railroad company is entitled to the relief asked in a court of equity. When the railroad company

was served with process, if it had a defence the law required it to appear and set up that defence and establish it by evidence. Had this course been pursued no judgment could have been rendered. But where a party has been served with process and neglects to appear and defend, but suffers judgment to be rendered by default, it has long been settled that a court of equity will not relieve the negligent from such a judgment.

As was said in *Owens* v. *Ranstead*, 22 Ill. 162: "It must appear to the court that the party complaining has been guilty of no *laches* on his part; that he has been deprived of the opportunity of asserting his rights or making his defence through some accident, fraud or mistake not of his own procurement and to which he was not a willing party, for a party has no claim to come into a court of equity to ask to be saved from his own culpable misconduct."

In *Tallman* v. *Becker*, 85 Ill. 183, which was a bill in equity to stay the collection of a judgment as is this, it was said: "It seems to be conceded that a court of equity will only grant a new trial at law in cases of fraud, accident or mistake, and then only where the party applying for equitable aid is free from all negligence and has used the highest degree of diligence to prevent the fraud, accident or mistake."

In *Brown* v. *Luehrs*, 79 Ill. 575, which was a bill like the one under consideration, the court said: "We fully recognize the principle that a bill for a new trial is watched by equity with extreme jealousy, and that the court must see that injustice has been done not merely through the inattention of the parties." See also, *Fuller* v. *Little*, 69 Ill. 229. There is no conflict in the decisions of this court upon the question. The doctrine has been uniformly held, that where a party has been served with process and neglects to make his defence, he can not invoke the aid of a court of equity to grant him relief.

Much has been said, in the argument, to the effect that the evidence of the defendant upon which the judgment was rendered was false, and great stress seems to be laid upon that position. We have not seen proper to go into the merits of

the evidence, as the decision turned upon other questions. There is, however, this to be said, which answers much that has been said by complainant's counsel: The defendant was indicted for perjury, at the instance of the railroad company, and upon a trial was acquitted. If his evidence was false as claimed, it seems strange he was acquitted; but however that may be we do not think complainant entitled to relief in equity.

The decree will be affirmed.

*Decree affirmed.*