VICTOR BARDONSKI

*v.*

JOHN BARDONSKI *et al.*

*Filed at Ottawa, January 19, 1893.*

1.   CHANCERY — *relief against judgment at law.*   It is well settled that a court of equity will not interfere with the enforcement of a judgment at law, unless the judgment debtor could not have availed himself of his defense at law, or was prevented from so doing by the fraud of the opposite party, or by accident or mistake unmixed with fault or negligence on his part.

2.   Where a party, when sued at law with another, relies solely on the promise of his co-defendant to take care of his interest and make a defense for both, and pays no retainer fee to his co-defendant, who is also an attorney at law, and nearly two years thereafter the suit is dismissed as to the co-defendant, and judgment entered by default against the other, who employs no one and takes no steps to present his legal defense, his negligence will be such as to preclude him from enjoining the collection of such judgment.

3.   ATTORNEY'S NEGLIGENCE — *is negligence of the client.*   The negligence of an attorney at law in failing to avail of a legal defense to an action at law, is the negligence of the client, and will preclude relief in equity, although the attorney may be insolvent.   ·

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county ; the Hon. M. F. TULEY, Judge, presiding.

This was a bill by appellant to enjoin appellees from levying an execution issued on a judgment in the Circuit Court of Cook county in favor of John Bardonski, and against appellant, and assigned to appellee Goin, rendered February 23, 1888, on default. It appears that suit upon the same claim had been brought against appellant and one Frederick C. Dannecker in 1885, which, upon plea being filed, was dismissed, and the present suit brought in June, 1886, against appellant, and said Dannecker. Summons was served on Dannecker June 10, and upon appellant June 11, 1886. Dannecker filed a plea. On the 23d of February, 1888, the suit was dismissed as to Dannecker and default taken against appellant. This bill was filed March 24, 1888. On the hearing the preliminary injunction was dissolved and the bill dismissed. On appeal to the Appellate Court the decree was affirmed and appellant prosecutes this further appeal.

Messrs. FELSENTHAL, D'ANCONA and RINGER, for the appellant :

A default for not pleading will be opened when it is suffered by the neglect of the attorney and he is insolvent. *Meacham* v. *Dudley*, 6 Wend. 514 ; *Campbell* v. *Bristol*, 19 id. 102 ; *People* v. *Mayor*, 11 Abb. Pr. 66 ; *Allen* v. *Stone*, 10 Barb. 547 ; *Graybrook* v. *McCrudie*, 9 Wend. 438 ; *Elston* v. *Schilling*, 7 Roberts, 74 ; *Sharpe* v. *Mayer*, 19 How. Pr. 193 ; *S. C.*, 31 Barb. — ; *Waring* v. *McKinley*, 62 id. 612 ; *Huebschmann* v. *Baker*, 7 Wis. 542 ; *Stowell* v. *Eldred*, 26 id. 504 ; *Holdon* v. *Meadows*, 31 id. 284.

Mr. FRANK H. GOIN for the appellees :

The negligence, ignorance or misapprehension of an attorney employed by a party to the action, or his mistakes as to the

law is not ground for equitable relief. *Winchester* v. *Grosvenor*, 48 Ill. 517. The negligence of an attorney is the negligence of the party himself. *Kern* v. *Strausberger*, 71 Ill. 413; *Burton* v. *Wiley*, 26 Vt. 430; *Farmers' Loan Co.* v. *Walworth Co. Bank*, 23 Wis. 249; *Broda* v. *Greenwald*, 66 Ala. 538; *Sharp* v. *Moffitt*, 94 Ind. 240; *Quinn* v. *Wetherbee*, 41 Cal. 247; *Shricker* v. *Field*, 9 Iowa, 366; *Kreite* v. *Kreite*, 93 Ind. 583; *Yates* v. *Monroe et al.*, 13 Ill. 219; *Smith et al.* v. *Powell*, 50 id. 21; *Albro* v. *Dayton*, 28 id. 325; *Spaulding* v. *Thompson*, 12 Ind. 477; *Dibbe* v. *Trulock*, 12 Fla. 185; *White* v. *U. S. Bank*, 6 Ohio, 529; *Chester* v. *Apperson*, 4 Heisk. (Tenn.) 639; Freeman on Judgments (3d ed.), secs. 500–508; *Clark* v. *Ewing*, 93 Ill. 572.

Neither will relief be granted on the ground that an attorney, through design or ignorance, mismanaged the defense. Freeman on Judgments, sec. 508.

Equity will not interfere with the enforcement of a judgment at law, unless the judgment debtor could not have availed himself of his defense in the former action, or was prevented from so doing by the fraud of the opposite party, or by accident or mistake, unmixed with fault or negligence on his own part or of those representing him. Freeman on Judgments (3d ed.), sec. 485, and cases cited; *Jevne et al.* v. *Osgood*, 57 Ill. 340; *Lavender* v. *Boaz*, 17 App. (Ill.) 421; *Pettis* v. *Bank*, 17 Vt. 435; *Clark* v. *Ewing*, 93 Ill. 574; 12 American and English Encyclopædia of Law, 145–147, and cases cited; *Buntain* v. *Blackburn*, 27 Ill. 406; *Sanger et al.* v. *Fincher, Adm'x, etc.*, 27 id. 346; *Allen* v. *Smith et al.*, 72 id. 331; *Walker* v. *Shreve et al.*, 87 id. 474; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332; 2 Story's Equity Jurisprudence, sec. 887; *Lucas* v. *Spencer*, 27 Ill. 17; *Ballance* v. *Loomis*, 22 id. 84; *Mellendy* v. *Austin*, 69 id. 15; *Yates* v. *Monroe et al.*, 13 id. 219; *Smith et al.* v. *Powell*, 50 id. 21; *Winchester* v. *Grosvenor*, 48 id. 517.

The above doctrine is true, even though the judgment is "manifestly wrong" or unjust. Freeman on Judgments (3d ed.), sec. 485, and cases cited; *Walker* v. *Shreve et al.*, 87 Ill. 474.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

It is unnecessary to enter upon a discussion of the merits of the claim upon which the judgment was founded. It is alleged in the bill, and the proof tends to sustain the allegation, that appellant did not in fact owe the same, and in the absence of countervailing testimony, appellant must have succeeded in the common law action had he interposed his defense. The bill seeks to avoid the consequences of appellant's negligence in not interposing his defense on the facts; that his co-defendant, Dannecker, was a lawyer, and had received the money as a fee, in the prosecution of a claim in favor of one Theodosia Bardonski against the Chicago and North Western Ry. Co.; and that no part of it ever came to the hands of appellant; that upon the institution of the first suit, Dannecker agreed with appellant to look after it, file plea for him, and notify him of the time of the hearing, which he did; that upon the dismissal of the first suit, when they were again sued, Dannecker told him to pay no attention to it, that he would make the proper defense for both of them. The bill alleges that appellant "wholly relying and confiding in said Dannecker to make a proper defense, he " (complainant) " did nothing further in the premises, took no further steps in said suit," and he testifies: " I paid no attention to the suit until I was informed that there was judgment rendered." " I paid Dannecker no retainer."

It is insisted, first, that from the fact that although the declaration was filed in August, 1886, the judgment was not taken until February 23, 1888; that Runyan filed a plea for Dannecker in said cause, and that the files were so kept in said court that a plea might have been abstracted, the presumption must obtain that a plea was filed for appellant by Dannecker,

or by some one by him employed.   No plea was found on file. Runyan and Harris, who had appeared in the case, both testified, and there is no pretense that any plea was filed by them for appellant, although one was filed for Dannecker by Runyan.   Dannecker resided in Louisville, Ky., at the time the judgment was rendered and the hearing therein had, and it is to be presumed that had he filed such plea for appellant, or employed or authorized another attorney to do so, it would have been shown.   In the absence of this proof, which was within the power of the appellant to make, if true, it must be presumed that the record and files show the true condition of the case.

It is said, however, that the negligence, if any is attributable, was the negligence of Dannecker, and it being alleged and shown that he was and is insolvent, a court of equity will interfere to prevent the wrong to appellant resulting from such negligence.

We are referred to some cases decided by the Supreme Court of New York, which sustain that contention, but we are committed to the contrary doctrine.    *Winchester* v. *Grosvenor*, 48 Ill. 517;  *Kern* v. *Strausberger*, 71 id. 413;  *Clark* v. *Ewing*, 93 id. 572.

In *Kern* v. *Strausberger* we said : " It is apprehended it can make no difference in principle whether the attorney is solvent or insolvent.   The cases are decided on the theory that the party is himself guilty of *laches* in relying on the diligence of his attorney, and that he is not excusable for failing to make his defense at law simply because he employed counsel to do it for him.   Indeed, the combined diligence of *both* is required, otherwise the party has not availed himself of all the means the law has placed in his hands to enable him to make his defense. This he must do before he can invoke the aid of a court of chancery."    It here appears, that from the 11th of June, 1886, until after February 23, 1888, appellant paid no attention whatever to the cause, although duly served upon the former

day with summons. During that time he neither saw nor consulted with said Dannecker, or any other attorney; did not know where Dannecker's office was, or that he had in fact employed anybody to attend to said suit. If he did not know, the slightest diligence would have apprised him that Dannecker, during all that time, resided out of the State. And it must be said that his own negligence produced the result of which he complains. The law gave him his day in court, with the privilege of making his defense, and he can not invoke the aid of a court of equity to relieve him from its consequences.

It is well settled that equity will not interfere with the enforcement of a judgment at law, unless the judgment debtor could not have availed himself of his defense at law, or was prevented from so doing by the fraud of the opposite party, or by accident or mistake unmixed with fault or negligence on his own part. See 12 Am. & Eng. Enc. of L., 145, cases cited in note 5.

The rule in this State being, as said in *Kern* v. *Strausberger*, *supra*, "that the negligence of an attorney is the negligence of the party himself," appellant would also be responsible for the conduct of Dannecker as his attorney, unless special circumstances are shown in the conduct of the attorney which would amount to a fraud upon the client, and the judgment was the result of such fraud. *Clark* v. *Ewing*, *supra*. Here, although unlawful confederation and collusion are alleged between the attorney and appellees, the record is barren of any evidence tending to sustain it, and there is no circumstance shown other than that Dannecker agreed to interpose the defense for appellant and failed to do so.

Moreover it does not appear that appellant *relied* upon Dannecker as his attorney. He paid him nothing, and it was evidently understood that he was not to pay Dannecker for his services. The latter having received the money sued for and claiming it, regarded the suit as his own, and proposed to attend to it himself without trouble or expense to appellant.

19—144 ILL.

And it would seem that appellant relied upon his co-defendant, as such, rather than as his lawyer, to' employ attorneys and interpose the defense. If this view be correct, it relieves the case of the grounds so strenuously urged for reversal, that the judgment was the result of the negligence of appellant's attorney.

In any view of the case to be taken, a court of equity can afford no relief.

· The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*