53   437
158s 362

## Frank S. Allen v. John Hickey.

1. EQUITY—*Power to Relieve Against Judgments.*—A court of equity has power to relieve against a judgment at law which has been obtained without process or by other fraudulent means.

2. SHERIFF'S RETURN—*Not to be Impeached by the Oath of the Defendant.*—The return of a sheriff upon a summons has the sanction of an official oath and can not be set aside upon the sworn denial of the defendant. Such a proceeding would destroy the stability which characterizes judicial proceedings and open wide the door for temptation to perjury.

3. SERVICE OF PROCESS—*Denial of—Burden of Proof.*—A party who claims that no service of summons has been had upon him in the face of

a return of the sheriff showing that the summons was served upon him, assumes the burden of establishing such claim by clear and satisfactory evidence. It is not sufficient evidence to impeach and vacate a judgment entered upon such service, that the party alone swears he was not served with the process.

**Memorandum.**—In chancery. Appeal from the Circuit Court of Will County; the Hon. Dorrance Dibell, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

### Statement of the Case.

John Hickey, a resident of Chenoa, McLean county, employed Frank S. Allen, residing and doing business as an architect at Joliet, Will county, to prepare plans and specifications for a building at Chenoa, and to superintend its erection. A difference arose as to the cost of construction, and appellee, on the 19th of December, 1889, began suit against Allen in the Circuit Court of Will County. By some mistake the suit was instituted against F. C. Allen and the summons directed the sheriff to summon F. C. Allen; but the return on the writ shows that it was served on F. S. Allen. Judgment by default was entered at the April term, 1890, for $2,386 against F. C. Allen. Subsequently Hickey filed a bill in aid of execution in the Circuit Court of Will County, for the purpose of subjecting to sale certain real estate, the legal title to which, it was averred, was fraudulently put in Allen's wife for the purpose of hindering and delaying creditors. Allen and his wife answered, denying all the material allegations in the bill.

At the September term, 1891, Allen filed a cross-bill charging that on the 28th day of May, 1891, subsequent to the filing of the original bill, Hickey commenced an action of debt in the Circuit Court of Will County against him upon the judgment recovered at the April term, 1890, of the Circuit Court of McLean County, averring in his declaration that while the judgment was originally against F. C. Allen a *scire facias* had issued against Frank S. Allen, by which it was so amended as to read against "Frank S. Allen," instead of "F. C. Allen;" that the suit at law was still pending

in the Circuit Court of Will County; that Hickey had caused a transcript of the judgment aforesaid to be filed in the office of the clerk and ex-officio recorder of Will county and an execution to issue therefrom, and be levied upon the real estate described in the original bill; that he is in nowise indebted to Hickey; that he was never served with process in the suit in which the original judgment was entered, and that it was entered without his knowledge; that the issuance of the *scire facias* and pretended service upon him was void for the reason that he had never been a resident of McLean county (the writ was served upon him in Will county), and that no valid judgment had ever before that time been entered against him at the suit of Hickey. The cross-bill prayed for an injunction restraining Hickey from collecting or attempting to collect the judgment.

Allen subsequently petitioned the court for an order requiring Hickey to elect whether he would proceed at law or in chancery for the satisfaction of his judgment. There was a hearing of this motion by the court, and the same was allowed upon condition that Allen enter into a certain stipulation, which was agreed to by Allen, and was entered of record as follows:

"And now comes the said Frank S. Allen, defendant herein, and stipulates and agrees that the issue or question as to whether the judgment entered in the Circuit Court of McLean County, Illinois, on the second day of May, 1890, in favor of the said plaintiff, John Hickey, and against F. C. Allen, for the sum of $2,386 damages and costs of suit, was, and is a legal and binding judgment upon this defendant, Frank S. Allen, may be, and shall be litigated on the chancery side of this court, in General No. 13,232, wherein John Hickey is complainant, and Frank S. Allen and Mary E. Allen are defendants, and that in case the court shall find that issue or question in said chancery cause in favor of the complainant therein, that then judgment shall be entered in the cause at law for the amount due upon the judgment of the said McLean Circuit Court, with interest and cost of suit, as in case of default, and without plea pleaded; and this

defendant hereby submits said issue and question to the hearing and determination of the court in said chancery cause, subject to the right of appeal and of writ of error as in other cases.

" If, however, under this cross-bill, the court in said chancery cause shall have jurisdiction to inquire into the alleged equities of the defendant to said judgment, and shall grant a final decree perpetually enjoining the enforcement of said ' judgment, then said stipulation shall not authorize the entry of a judgment in this cause against defendant.

" And it is further ordered, that upon the said defendant, Frank S. Allen, entering and filing said stipulation in said cause No. 13,427, that said cause be stayed and continued from term to term until the determination of said issue and question in this cause; and it is further ordered that this cause on bill and cross-bill be and is hereby referred to the master in chancery of this court to take and report proofs."

Thereafter the cause was submitted to the court for trial upon pleadings and proofs, upon the issue whether or not there was service of summons from the McLean County Circuit Court. The court, after hearing the proofs, entered a decree in substance finding that there was service of process upon Frank S. Allen, and that the judgment was a valid judgment against him, and refused to hear any evidence on the question, as to whether or not Frank S. Allen was in any manner indebted to said Hickey, and thereupon dismissed the cross-bill.

Haley & O'Donnell, attorneys for appellant.

Appellee's Brief, Hill, Haven & Hill, Attorneys.

The rule appears to be that where third parties have not acquired rights upon the faith of such return of service, and none are to be affected except the parties to the record in the case in which the return is made, it is proper to resort to parol evidence for the purpose of impeaching such return; but that while resort may be had to parol proof for that purpose, the rights of the party and sound public policy

require that a return of a sworn officer should not be set aside except upon clear and satisfactory evidence, and it is not sufficient that the party himself deny such service. Owens v. Ranstead, 22 Ill. 191; Davis v. Dresback, 81 Ill. 393; Hunter v. Stoneburner, 92 Ill. 75; C. & St. L. R. R. v. Holbrook, 92 Ill. 297.

Mr. Presiding Justice Harker delivered the opinion of the Court.

That a court of equity has power to relieve against a judgment at law which has been obtained without process or by other fraudulent means, is well established by decisions of our Supreme Court. Owens v. Ranstead, 22 Ill. 161; David v. Dresback et al., 81 Ill. 393; C. & St. L. R. R. Co. v. Holbrook, 92 Ill. 297; Colson v. Leitz, 110 Ill. 504.

It must appear, however, that the party seeking relief has himself been guilty of no *laches*, and that he has been deprived of the opportunity of asserting his defense through some accident, fraud or mistake not of his own procuring. If his claim is that no service of summons was had upon him, and such claim is asserted in the face of a return of a sheriff showing that the summons was served upon him, he assumes the burden of establishing such claim by clear and satisfactory evidence. It is not sufficient evidence to impeach and vacate the judgment that the party alone swear that he was not served with process.

The return has the sanction of an official oath and to allow it to be set aside upon the sworn denial of the defendant merely, would destroy the stability which characterizes judicial proceedings and open wide the door for temptation to perjury.

As we view it, the only serious question for our consideration is, whether appellant was served with summons in the suit which resulted in a judgment in favor of John Hickey against F. C. Allen for $2,386, of date May 2, 1890.

Was the return made by special deputy George W. Jewel, showing service upon F. S. Allen, true or false?

There was a conflict in the testimony. The return upon

the summons was supported by the testimony of appellee and George W. Jewel. They are corroborated to some extent by two other witnesses, George Sayers and Peter Ettrington. The return is attacked by the testimony of appellant, and he is corroborated to some extent by two other witnesses, H. H. Smith and Andrew G. Watson. These witnesses were examined in open court. The trial judge was afforded much better facilities for determining the credibility of their testimony than we have. We would not feel warranted in disturbing his finding, unless it appeared to us palpably erroneous.

The court properly refused to hear evidence as to whether appellant was indebted to appellee. Having found that appellant was served with process in the suit in McLean County, he shall be held to have had his day in court.

We see no reason for disturbing the decree. Decree affirmed.