DR. HOWARD KRETSCHMAR *et al.*

*v.*

FRANK H. RUPRECHT *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. INJUNCTION—*equity will not enjoin judgment if complainants were negligent.* A court of equity will not relieve against a judgment at law except in case of fraud, accident or mistake, and then only where the party applying for the relief is free from all negligence.

2. SAME—*when a judgment for mesne profits in ejectment will not be enjoined.* The collection of a judgment for *mesne* profits following a second judgment in ejectment in favor of the plaintiff will not be enjoined, where the defendants had due notice of the writ of inquiry and inquisition but neglected to make any defense.

3. JUDGMENTS AND DECREES—*what does not relieve a party from result of his own negligence.* That the tenants in possession of premises were assured by the attorney for their lessor that their rights would be protected by such action as the attorney would take for the lessor in an action of ejectment to recover possession of the premises does not excuse their negligence in permitting a judgment to go against them for *mesne* profits, where they did not retain such attorney or any other, and where, after the attorney's death, a summons, and later a notice of the writ of inquiry, were served upon them personally but were ignored by them.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill to enjoin the collection of a judgment for $650, recovered in the superior court of Cook county, by appellees against appellants. The decree of the superior court dismissing the bill for want of equity was affirmed by the Branch Appellate Court for the First District, and appellants, having procured a certificate of importance from that court, prosecute this further appeal.

In 1897 Catherine Bredow, having previously executed five separate trust deeds upon a certain apartment building in Chicago owned by her, mortgaged the same to John Ruprecht to secure the sum of $4000. John Ruprecht afterward died, leaving a widow and two sons, the appellees, and leaving a will bequeathing all his personal estate to his widow. On April 22, 1903, the widow and sons brought suit in the superior court to foreclose the mortgage, and at the same time the appellees began an ejectment suit for the premises. Appellants, being tenants of parts of said premises, were made defendants to both suits. At the June term judgment was rendered in the ejectment suit in favor of appellees for the possession of the premises, and a writ of possession having been issued, appellants acknowledged, in writing, appellees' right to the possession of the premises and agreed to hold under and make payment to them. A new trial was afterwards granted under the statute, and on September 28, 1903, another judgment was rendered in favor of appellees. A suggestion of claim for *mesne* profits was filed, and appellants having been duly served with summons and made default, a writ of inquiry was issued and defendants were duly notified of its execution. Upon the return of such writ, with the inquisition taken thereon, a judgment for $650 was rendered against appellants, which is the judgment sought to be enjoined.

W. P. BLACK, for appellants.

MASON & WYMAN, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellants should have presented the questions argued here, on the trial of the claim for *mesne* profits, where, if at all, they would have been availing. The judgment, if they had any valid defense to the claim, was the result of their own negligence. It is immaterial to the decision of

this case whether they had a valid defense or not. They had ample opportunity to present it if they had one, but without any reasonable excuse they neglected to do so. Equity will not relieve against a judgment at law except in cases of fraud, accident or mistake, and then only where the party applying for relief is free from all negligence. "It is not enough that the judgment is unjust; it must have been obtained without negligence on the part of the appellant to entitle to relief." (*Walker* v. *Shreve,* 87 Ill. 474; *Tallman* v. *Becker,* 85 id. 183; *Harding* v. *Hawkins,* 141 id. 572; *Ward* v. *Durham,* 134 id. 195; *Hahn* v. *Gates,* 169 id. 299; *Lucas* v. *Spencer,* 27 id. 15.) Even though appellees had had no right to judgment in the ejectment suit and no cause of action against appellants, either jointly or severally, for *mesne* profits, and had taken judgment for a greater amount than was due, yet appellants could not willingly or negligently permit such judgment to be taken and then be relieved from it in equity. False testimony given at the trial or false assertions as to liability are not grounds for setting aside a judgment; (*Galena and Southern Wisconsin Railroad Co.* v. *Ennor,* 116 Ill. 55;) nor is presenting a claim without disclosing a defense which may exist to it; ( *Ward* v. *Durham,* 134 Ill. 195;) nor is insisting upon an unfounded or over-stated claim. (*Dickson* v. *Hitt,* 98 Ill. 300.) It is not the policy of the law to permit a party to slumber upon his rights when he has the opportunity and is required to assert them in a court of justice, and then seek them in another forum.

Upon the commencement of the ejectment suit Mrs. Bredow's attorney assured appellants that the proceedings would not affect them, and that their rights would be protected by the action such attorney would take on behalf of Mrs. Bredow. They, however, did not retain him or any other attorney. After that time, and after the attorney's death, a summons, and later a notice of the execution of the writ of inquiry, were served on them personally and

were ignored. Their reliance upon Mrs. Bredow's attorney to protect their rights does not relieve them of the consequences of their own negligence. *Bardonski* v. *Bardonski,* 144 Ill. 284; *Hahn* v. *Gates,* 169 id. 299; *Kern* v. *Strausberger,* 71 id. 413.

The judgment of the Branch Appellate Court will be affirmed.                                    *Judgment affirmed.*