## Aurelia J. Hanson et al., Appellants, v. J. C. Ralston et al., Appellees.

### Gen. No. 5584.

1. INJUNCTIONS—*when temporary cannot be made permanent.* A temporary injunction cannot be made permanent in part and continued temporary in part.

2. INJUNCTIONS—*when do not lie to restrain enforcement of judgment.* If the remedies existing at law have not been exhausted an injunction does not lie to restrain the enforcement of a judgment rendered at law.

3. INJUNCTIONS—*what essential to maintenance of action to restrain enforcement of judgment at law.* Equity will only relieve against a judgment at law for fraud, accident or mistake, and then only where the party applying for relief was free from negligence.

Bill in chancery. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

B. A. KNIGHT, for appellants.

FRED H. SMITH and R. K. WELSH, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Aurelia J. Hanson and Alfred J. Hanson filed a bill of complaint against Ralston Brothers and Lewis Hawkey, sheriff of Winnebago county, wherein they alleged that Ralston Brothers recovered a judgment in the Circuit Court against Alfred J. Hanson on July 19, 1910, for $252.20 and costs in an action on a promissory note; that Alfred J. Hanson had paid $50 which had not been credited on said note, and that the judgment was $51 more than was due when the judgment was taken; that an execution upon said judgment had been levied by the sheriff upon personal property owned by Aurelia J. Hanson and not by Alfred J.

Hanson, and that an excessive amount of personal property had been seized under said execution. The bill prayed for an accounting as to the true amount due on the note and for an injunction to restrain the defendants from selling any of said personal property under said execution. A temporary injunction was issued by a master. Defendants answered. They admitted that $50 had been paid which was not credited in taking judgment, but they alleged that this was due to the neglect of Alfred J. Hanson and his attorney; that Ralston Brothers made many efforts to get Hanson or his attorney into court on the day when the judgment was to be taken in order that he might see that the computation was correct; and that no bill in equity was necessary but that Hanson well knew that if he had produced his receipt to the defendants or their attorney, due credit for said payment would have been given him upon said judgment and said execution without the bringing of a suit for an injunction. The answer denied that Aurelia J. Hanson was the owner of the personal property levied upon and denied that the levy was excessive. Complainants moved to make permanent the injunction as to the sum of $50 on the judgment. This motion was denied. Defendants then by leave of court withdrew their answer and demurred to the bill. The demurrer was sustained. Complainants elected to abide by their bill and the suit was dismissed. Complainants appeal and assign that the court erred in refusing to make the injunction permanent as to the $50 and in sustaining the demurrer.

When the motion was made to make the injunction permanent as to the $50 the temporary injunction was in force. The cause had not been set down for final hearing nor had it been heard nor had complainants abandoned the issue as to the ownership of the personal property levied upon. The court could not enter a final decree on one subject and leave another sub-

ject to be litigated. Again, there was no injunction as to the $50 and hence no injunction on that subject to be made permanent. The injunction only restrained the sale of the personal property levied upon. The motion to then make the injunction permanent as to the $50 was properly denied.

The bill was subject to demurrer for many reasons. Each complainant had an interest only in one part of the subject matter of the suit. Alfred J. Hanson had no interest in enjoining the sale of the personalty belonging to Aurelia J. Hanson. Aurelia J. Hanson had no interest in the matter of the $50. Aurelia J. Hanson could not maintain a bill in equity to enjoin the sale of her personal property if her personal property was levied upon under an execution against another and not against herself. She had at least three remedies at law. She could have a trial of the right of property under the statute; she could replevy the property from the sheriff; and she could let the sale go on and sue the sheriff in trespass. Alfred J. Hanson could not maintain a bill in equity upon the facts stated by him in relation to the $50. Equity will only relieve against a judgment at law for fraud, accident or mistake, and then only where the party applying for relief was free from negligence. Kretschmar v. Ruprecht, 230 Ill. 492. The bill charges that this judgment was taken for $51 too much, either through the fraud or mistake of Ralston Brothers, but it does not say which and it charges nothing showing fraud. Alfred J. Hanson was a party defendant to that suit; he had an opportunity to defend and he does not allege that he tried to obtain credit for said $50 or brought that payment to the attention of the court. The court therefore did not err in sustaining the demurrer.

The decree is affirmed.

*Affirmed.*