## D. Mazor and A. Cohen, Appellees, v. B. Handler et al., on appeal of B. Handler, Appellant.

### Gen. No. 23,425.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court. Order reversed and cause remanded with directions. Opinion filed December 3, 1917.

### Statement of the Case.

Bill by D. Mazor and A. Cohen, complainants, against B. Handler and others, defendants, to restrain the collection of judgments obtained by defendant Handler against complainants.

From an interlocutory order denying a motion to dissolve the injunction entered in the cause, defendant Handler appeals.

BLUM, WOLFSOHN & BLUM, for appellant.

FRANK H. LENNARDS, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 343*—*when bill to enjoin enforcement of is insufficient.* A bill to enjoin the enforcement of a judgment on the ground that through the error of the clerk of the trial court in entering of record as a denial of a motion to vacate the judgment, an order denying a motion to quash an execution issued on the judgment of such court, complainants, who were unable to secure a review of such order, should show what allegations were made in the petition to quash the execution.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*when has power to cor-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mazor et al. v. Handler, 208 Ill. App. 312.

*rect error of clerk in entering of judgment.* The Municipal Court of Chicago has power to correct, on motion, an error of the clerk in entering a judgment on its records even though 30 days had elapsed between the date the judgment was entered and the time when the party affected by the error learned of it.

3.   APPEAL AND ERROR, § 1380*—*when error in abuse of discretion of trial court will be corrected.* A defendant against whom a judgment has been obtained by confession may move to quash the execution issued thereon or to vacate the judgment, and if the court, on a sufficient showing, abuses its discretion in ruling upon such motion, the abuse may be corrected by appeal to a court of review.

4.   JUDGMENT, § 343*—*when bill to enjoin enforcement of should show request of trial judges to correct error.* A bill to enjoin the enforcement of a judgment on the ground that the clerk erred in entering the denial of a motion to quash the execution thereon as a denial of a motion to vacate the judgment, should, where it alleges the refusal of the judges of the trial court to correct the error, show that such correction had been requested by motion or in some other legal manner.

5.   JUDGMENT, § 319*—*when equity will not afford relief against enforcement .of.* Where complainants seeking to enjoin the enforcement of a judgment were not prevented from obtaining relief in the trial court through any fraud, accident or mistake, but had opportunity by proper proceedings to present their defenses and by appeal to correct any error committed in the proceedings to obtain or vacate the judgment, equity will not afford them relief.

6.   APPEAL AND ERROR, § 718*—*when order allowing appeal need not appear in record.* Where a record discloses that an appeal from an order denying a motion to dissolve an injunction was prayed and that this prayer was followed by the filing of an appeal bond for costs, no order of the lower court allowing the appeal need be disclosed in the record.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.