(No. 12157.—Judgment affirmed.)

ISAIAH R. CLARK *et al.* Exrs., Appellants, *vs.* FRANK R. CHANDLER *et al.* Appellees.

*Opinion filed December 18, 1918—Rehearing denied Feb. 5, 1919.*

1. EQUITY—*court of equity is not a court of review to correct errors of a court of law.* A court of equity is governed by and gives relief according to fixed rules, and it does not sit as a court of review to correct errors of a court of law.

2. SAME—*when equity has no jurisdiction of bill to annul the judgment of the Appellate Court.* Where the Appellate Court reverses five separate judgments in cases involving the same question and but one, only, of such cases is reviewed by the Supreme Court, the fact that the Supreme Court reverses the judgment of the Appellate Court in the case reviewed does not give a court of equity jurisdiction to set aside the other four judgments of the Appellate Court, even though that court refused to stay proceedings in the four cases until the one under review was decided by the Supreme Court, particularly where the parties did not exhaust their legal remedy in the Appellate Court.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

HENRY W. LEMAN, (FRANK H. CULVER, of counsel,) for appellants.

SHEPARD, McCORMICK, THOMASON, KIRKLAND & PATTERSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants, as executors of the last will and testament of Charles F. Wright, deceased, brought five separate suits to foreclose five trust deeds belonging to the estate of Wright. A decree of foreclosure was entered in each case and separate appeals were taken to the Appellate Court. That court affirmed the decree in each case. The superior

court ordered the sale of the property conveyed by each trust deed to satisfy the decrees entered. The amounts realized from such sales were insufficient, in each instance, to satisfy the respective decrees and a deficiency decree was entered in each of the five separate cases. A separate suit was thereafter brought upon the five separate appeal bonds and judgment in favor of plaintiffs (appellants here) rendered by the superior court of Cook county in each case. The five separate judgments were for $1500, $1033.01, $600.44, $587.06 and $190.14. From each of these judgments an appeal was perfected to the Appellate Court, where the cases were consolidated for hearing and but one set of abstracts and briefs was filed. The Appellate Court reversed each of the five judgments without remanding the causes and denied the petition for rehearing filed in each case. A petition for a writ of *certiorari* was filed in the Supreme Court at its December, 1915, term in the case where the judgment was for $1500. The petition was granted, the writ awarded, and this court reversed the judgment of the Appellate Court and held that the plaintiffs were entitled to judgment but that the superior court had rendered judgment for an incorrect amount. The judgment of the superior court was also reversed and the cause remanded to the superior court, with directions to enter a judgment for plaintiffs (appellants here) in accordance with the views expressed in the opinion. (*Clark* v. *Selfridge,* 274 Ill. 275.) Motions were made in the Appellate Court at the time the petition for a writ of *certiorari* was asked in this court, and again at the time the writ was awarded, asking that the judgments in the four other cases be vacated and such cases held under advisement, so that the Appellate Court would be in a position to enter a like judgment in each of the four cases as the Supreme Court might enter in the case before it. These motions were made at the same term of the Appellate Court at which the five judgments were entered and were both denied. At the time

this court entered its judgment in the case before it, the term of the Appellate Court at which the five judgments were entered had adjourned. The five cases in which judgments were entered in the superior court for plaintiffs (appellants here) and reversed in the Appellate Court were alike, differing only in amount. The situation is, that in the four cases other than the one reviewed by this court, where the judgment was for $1500, the judgments of the Appellate Court stand unreversed.

Appellants here (plaintiffs in the five cases) filed a bill in the superior court of Cook county setting out the foregoing facts in substance and asking that the judgments of the Appellate Court in the four other cases be decreed void and set aside and the judgments of the superior court in such cases, aggregating $2410.65, be enforced. Appellees filed a demurrer to the bill, which was sustained, and the Appellate Court affirmed the decree of the superior court sustaining the demurrer and dismissing the bill. The case comes to this court by appeal, a certificate of importance having been granted by the Appellate Court.

Appellants designate their bill in this case an original bill in the nature of a bill of review, and contend that the judgments of the Appellate Court in the four cases not reviewed by this court are unconscionable, that they have no remedy at law, and that equity can afford them the relief asked.

The substantial facts set out in the bill are not controverted but are admitted by the demurrer, and the one question presented is whether equity has jurisdiction to grant the relief sought. Both parties concede they have been unable to find authorities precisely in point. This, of itself, is not a bar to the relief sought if a court of equity has jurisdiction. What equity is, and the extent of its jurisdiction, has been variously defined. "Perhaps the most general, if not the most precise, description of a court of equity, in the English and American sense, is, that it has juris-

diction in cases of rights recognized and protected by the municipal jurisprudence, where a plain, adequate and complete remedy cannot be had in courts of common law." (Story's Eq. Jur.—12th ed.—sec. 33.) Here equity is asked to interfere with and set aside judgments of a court of law which had jurisdiction of the parties and subject matter at the time the judgments were entered. Appellants here were not deprived of any defense in the Appellate Court nor did their defense involve a purely equitable right or remedy which they could not present and urge in that court. It is only in cases where the above conditions existed, or in cases where a party was prevented from presenting his case by fraud, accident or mistake due to no fault of his, that equity will relieve from a judgment at law. Cases where equity has interfered with the enforcement of judgments under the conditions above stated are *Gregg* v. *Brower,* 67 Ill. 525, *Foote* v. *Despain,* 87 id. 28, and *Hilt* v. *Heimberger,* 235 id. 235. A court of equity will not sit as a court for the correction of errors committed by a court of law. (*Gibbons* v. *Bressler,* 61 Ill. 110; *Smith* v. *Allen,* 63 id. 474; *Hofmann* v. *Burris,* 210 id. 587; Story's Eq. Jur. secs. 1571, 1572.) Courts of equity, like courts of law, are governed by and give relief according to fixed rules. (*Sumner* v. *Village of Milford,* 214 Ill. 388.) As said in *Tilton* v. *Cofield,* 93 U. S. 163: "Nor can a court of equity turn itself into a court of review and correct the errors of a court of law. This is alien to its jurisdiction and beyond the sphere of its powers and duties. [Citing authorities.] As well might a court of law undertake to perform a like function with respect to a court of equity. Each is independent of the other. They act on different principles, and, except where some recognized ground of equity jurisdiction is concerned, are each alike bound to recognize the validity and conclusiveness of the record of what the other has done." In this case the relief asked is not upon any recognized ground of equity jurisprudence.

Appellants also contend that the action of the Appellate Court in overruling the motions made to hold the judgments in the four cases in abeyance until this court should pass upon the case reviewed by it showed a lack of regard by that court for the Supreme Court, and the refusal of the Appellate Court to vacate its judgments in the four cases after a writ of *certiorari* had issued to review the judgment in the fifth case amounted to an abuse of discretion. We do not think equity has jurisdiction to pass upon this question, nor do we agree with appellants' contention.

We think the judgment of the Appellate Court in this case was correct for the further reason that it does not appear from the bill that appellants exhausted their legal remedies to have the four judgments in question reversed. One of the four judgments complained of exceeded $1000, and it does not appear that a petition for a writ of *certiorari* was filed in this court to have that judgment reviewed or that the Appellate Court was asked for a certificate of importance in any one of the four cases. Equity has been defined as the correction of that wherein the law, by reason of its universality, is deficient. The law cannot be said to have been deficient and warrant the intervention of a court of chancery in the present case, for all the legal remedies of appellants were not exhausted.

It has never been supposed that the affirmance of a judgment of one of the Appellate Courts of this State by this court, where the judgment, as sometimes happens, is directly contrary to a judgment of another Appellate Court based upon similar facts, opened the doors of equity jurisprudence to interfere with the erroneous Appellate Court judgment. That is not the province or jurisdiction of equity.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*