Ernest J. Mohr and Sylvia Mohr, Appellants,
v. H. H. Messick, Appellee.

Gen. No. 9,395.

October term, 1943. Heard in this court at the October term, 1943. Opinion filed February 29, 1944.

C. E. TATE, of Champaign, for appellants.

H. H. MOREY, of Decatur, for appellee.

Mr. Justice Riess delivered the opinion of the court.

Ernest J. Mohr and Sylvia Mohr, his wife, plaintiffs appellants herein, have appealed from decretal orders of the circuit court of Champaign county dissolving a temporary writ of injunction issued on March 28, 1942 and dismissing their suit against defendant appellee H. H. Messick for want of equity. The plaintiffs had filed a second amended complaint in the above suit on said date, whereby they sought to restrain an execution sale and to remove an alleged cloud from the title to certain farm lands in Champaign county owned in fee simple by plaintiff Ernest J. Mohr. The execution had been issued upon a common law judgment previously entered in the circuit court of Macon county in favor of H. H. Messick and against Ernest J. Mohr, which judgment, execution and levy on his interest in said lands were alleged to be void and to constitute a cloud upon the plaintiffs' title thereto. Upon dismissing the suit, the court had assessed damages in the sum of $100 and costs of suit against the plaintiffs.

It appears from the record that the judgment against Ernest J. Mohr on which an execution was issued on November 18, 1941, had been entered in the Macon county circuit court on March 17, 1936 for the sum of $1,170.53, with accrued interest and costs. Appellants contended that the judgment was void, alleging that it was a renewal and revival of a previous judgment entered against Mohr in said court in vacation on March 26, 1929, in the sum of $862.59, upon a forged promissory note and warrant of attorney held by Messick as assignee, which instruments had never been signed nor executed by Mohr as their purported maker.

Defendant Messick denied that either of said judgments or the executions issued thereon were void and averred that plaintiff Mohr had in 1935, petitioned for

an order opening the original judgment so entered on said note in 1929 and for leave to plead, which petition had been denied by the Macon county circuit court and from that order no appeal was taken; that the judgment now in force on which the execution was issued had been duly entered in the Macon county circuit court on March 17, 1936, was valid and binding and remained wholly unsatisfied; that said judgment had been so entered in Macon county after due personal service upon appellant Ernest J. Mohr by summons more than 20 days before return day; that said defendant had failed to plead thereto, and after default, the judgment in question had been duly entered against the defendant and was never set aside nor appealed from; that in such proceedings there was available to the plaintiff complete and adequate defenses or alleged defenses and remedies at law which might otherwise be available to him in a suit in equity, had he seen fit to assert the same by pleading therein; that said judgment recited the jurisdiction of the court upon its face, purports a verity and became *res judicata* of the issues herein and cannot now be collaterally attacked, set aside nor held to be void; that the judgment and execution levy thereunder was not a cloud upon the title to appellants' lands but was a valid subsisting lien upon the interest of Ernest J. Mohr therein levied upon, in which Sylvia Mohr was stipulated to have had only an inchoate dower interest, not levied upon nor in issue herein, and that the lands were therefore subject to execution levy and the sale of so much thereof as became necessary to satisfy the said judgment, interest and costs due the appellee from Ernest J. Mohr.

Further allegations concerning suits and prior proceedings had between the parties are discussed or recited in the pleadings, which we deem to be immaterial in passing upon the issues and assignments of error set forth herein.

Appellants contend that the order dismissing the suit for want of equity is against the manifest weight of the evidence; assigns error in holding that the doctrine of *res judicata* prevents plaintiff from collaterally asserting in this proceeding the invalidity of the judgment reviving an original judgment based upon a forged note; error in dissolving the temporary injunction prior to the time of the filing of pleadings and joinder of issue by the defendant and as being contrary to the law and the evidence. No error is assigned to the holding of the chancellor that the plaintiff, Ernest J. Mohr, as defendant in the common law suit of 1936 in Macon county, was given a complete and adequate remedy at law which might have been asserted and pursued by him by way of an affirmative defense of fraud or forgery and by direct appeal had he seen fit to plead or assert the same.

In dissolving the temporary writ of injunction, the trial court used the following language: ''In the case at bar, the plaintiffs have had a full and complete remedy to their motion to vacate the judgment and for leave to plead, and if not, they certainly then had full opportunity to present the defense of forgery and fraud when the suit was brought to Macon county to revive the original judgment. Having failed either to assert this defense then or to prevail upon it when it was asserted, equity will not permit a relitigation of the same matters in defiance of the judgments of the court of Macon county adjudicating them.'' In subsequently passing upon the case on its merits, the court adopted the above opinion as announced in the trial at the time of the dissolution of the temporary injunction; found that the defendant in the chancery suit did not specifically deny the allegations that the original note was a forgery but averred the validity of all judgments; set forth that the only interest of Sylvia Mohr was the inchoate right of dower as stipulated between the parties; that the plaintiff Ernest

J. Mohr, against whom the original judgment was entered in 1929, had made a motion to vacate the same in the circuit court of Macon county which had been denied; that the court was not concerned with the question of laches which were not in issue under the pleadings in the instant proceedings (see *Messick v. Mohr,* 292 Ill. App. 69, 10 N. E. (2d) 870) ; that the chancellor was without power to again litigate in a collateral proceeding the issues raised and adjudicated in the original judgment and denial of motion to open the same, from which no appeal was taken; that the common law judgment of revivor entered in 1936 in the Macon county circuit court was a new suit under the Civil Practice Act.

Fraud or forgery, like any other affirmative defense, will not be presumed, but must be averred and proven. If the court has jurisdiction of the parties and subject matter of the suit and such defense is available, it must be affirmatively asserted. A defendant having full knowledge of the facts cannot sit idly by and negligently permit a default and judgment at law to be entered against him and then seek to relitigate the same cause or defense by a collateral suit in equity wherein his defense at law, if asserted and availed of, would have been a complete and adequate remedy in the prior proceeding.

In this case, the defense was not equitable but was strictly and purely legal, and neither mistake, accident, fraud, deception or any other excuse for not making the defense in the circuit court of Macon county was alleged or proven, but with full knowledge of all the facts, with personal service and notice of the application for judgment, the interested complainant wholly ignored and disregarded the proceeding until a judgment was rendered against him and after due issuance and service of execution thereunder, now seeks to collaterally review or relitigate the issues in a court of equity and to set aside that judgment. This, he cannot do.

Courts of equity interpose their powers to grant relief against judgments in a limited class of cases and always upon some recognized ground of equity jurisdiction. Examples of such interposition are cases wherein the defense is equitable and not admissible in a court of law, or where the complainant, without any fault or negligence on his part or that of his agents, was prevented from making his defense by fraud or deception or failed to make it through mistake, surprise or some accidental circumstances beyond his control. Where a defense is available at law and there is no sufficient reason for a failure to make it, a court of equity has no power to grant relief against the judgment and will not give a complainant a second opportunity to make his defense. *Thoeming v. Hawkins,* 294 Ill. 30; *Carney v. Village of Marseilles,* 136 Ill. 401, 26 N. E. 491.

Equity will not relieve against a judgment at law except in cases of fraud, accident or mistake, and then only where the party applying for relief is free from all negligence. It is not enough that the judgment is unjust; it must have been obtained without negligence on the part of the appellant to entitle him to relief. *Kretschmar v. Ruprecht,* 230 Ill. 492, 82 N. E. 836. Appellants could not willingly or negligently permit such judgment to be taken and then be relieved from it in equity. *Supra.* It is not the policy of the law to permit a party to slumber upon his rights when he has the opportunity and is required to assert them in a court of justice, and then seek them in another form. *Supra. Wackerle v. Nies,* 286 Ill. App. 51, 64, 3 N. E. (2d) 126; *Goelitz v. Lathrop,* 286 Ill. App. 248, 3 N. E. (2d) 305; *Kretschmar v. Ruprecht, supra.*

In the case of *Cairo & St. L. R. Co. v. Holbrook,* 92 Ill. 297, at page 301, the court tersely stated the rule as follows: ''Where a party has been served with process and neglects to appear and defend, but suffers judgment to be rendered by default, it has long been settled that a court of equity will not relieve the negli-

gent from such a judgment." *Ward v. Durham,* 134 Ill. 195, 202; *Kretchmar v. Ruprecht, supra; Goelitz v. Lathrop, supra.*

The rule is likewise well established that the fraud for which a judgment may be enjoined in equity must be in the procurement of the judgment. If there be fraud entering into the cause of action which vitiates it, that is a defense which must be interposed in the action at law unless the party has been prevented from interposing the defense by fraud. While equity will relieve from a judgment obtained through fraud, accident or mistake, still the party invoking the interposition of equity must be free from negligence. *Wackerle v. Nies,* 286 Ill. App. 51, 3 N. E. (2d) 126; *Kretschmar v. Ruprecht,* 230 Ill. 492, 82 N. E. 836; *Hollister v. Sobra,* 264 Ill. 535, 106 N. E. 507.

A court of equity will afford no relief to enjoin a judgment where complainants had opportunity by proper proceedings to present their defense and by appeal to correct any error committed. *Mazor v. Handler,* 208 Ill. App. 312; *Clark v. Chandler,* 286 Ill. 180, 183, 121 N. E. 566. Where complainants seeking to enjoin the enforcement of a judgment were not prevented from obtaining relief in the trial court through any fraud, accident or mistake, but had opportunity by proper proceedings to present their defenses and by appeal to correct any error committed in the proceedings to obtain or vacate the judgment, equity will not afford them relief. *Mazor v. Handler, supra.* In *Goelitz v. Lathrop,* 286 Ill. App. 248, 3 N. E. (2d) 305, it was held that a party seeking to enjoin a judgment or the collection of a judgment must be free from all negligence and must have used the highest degree of diligence in the cause in which the judgment at law was entered. Where a party has been served with process and neglects to make his defense, he cannot invoke the aid of equity to grant him relief from the judgment.

It was not error by the chancellor to hold that the original Macon county judgment of March 25, 1929, a transcript whereof was filed in Champaign county on March 27, 1929 (see *Messick v. Mohr,* 292 Ill. App. 69) and the unsatisfied execution issued thereon, but long since expired by limitation, was not a lien upon plaintiffs' lands entitling him or them to the equitable relief prayed against the defendant in relation thereto in this proceeding, the controlling and decisive issues of which concerned the validity of the 1936 judgment and levy thereunder. Plaintiff against whom the judgment was entered and execution issued had an adequate and complete remedy at law in the common law proceeeding in Macon county wherein the judgment was entered in 1936, had he seen fit to assert it. No evidence of any fraud, concealment, misrepresentation, mistake or other irregularity in connection with the personal service, default and entry of that judgment appears in the record. The judgment, so duly entered and remaining in full force and effect, precludes the plaintiffs from now seeking and asserting their equitable remedy alleged herein.

We believe that the errors assigned by the plaintiffs are without merit and that the chancellor properly dissolved the temporary writ of injunction and dismissed the suit for want of equity on the terms set forth in the decree. Finding no reversible error in the record, the decree of the circuit court of Champaign county is affirmed.

*Decree affirmed.*