Herbert Thomson, Appellant, v. Charlotte J. Mosser, Appellee.

Gen. No. 10,369.

Opinion filed February 21, 1950. Released for publication March 13, 1950.

RAYMOND J. HARVEY, of Joliet, for appellant.

BEAMISH, EDWARDS & BRUNNEMEYER, of Aurora, and J. EDGAR KELLY, of Chicago, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Charlotte Mosser was the owner of a farm in Kendall county, Illinois. She had rented the same to Herbert Thomson, who had farmed it for several years.

Charlotte Mosser wanted possession of the farm and gave the proper written notice to Thomson that his lease would be terminated March 1, 1949, and she demanded possession of the same. Thomson failed to vacate the premises and Charlotte Mosser brought a forcible entry and detainer suit for possession of the farm. Thomson employed an attorney to represent him in the justice of the peace case. The case was called for trial and neither the attorney, nor Mr. Thomson appeared. The plaintiff was present in the justice court and after waiting an hour and a half for the defendant to appear, judgment was entered in favor of the plaintiff and Thomson was ordered to surrender up possession of the farm.

Herbert Thomson filed a suit in the circuit court of Kendall county asking for a temporary and a permanent injunction to restrain Charlotte Mosser from dispossessing him of the farm in question. In the complaint he alleges that his attorney had informed the police magistrate that he would probably be a little late in getting to the trial, but that he was unavoidably delayed longer than he had anticipated, and arrived at the police magistrate's office just after the judgment had been entered against his client; that he immediately gave notice of appeal to the circuit court and the magistrate fixed the bond at $2,000; that on account of Thomson being a stranger in the community, he was unable to give the required appeal bond, and that he then started this suit in the circuit court to restrain the owner from dispossessing him.

In his statement of the case, in his printed brief, Thomson says: ''This suit is in fact a suit for specific performance of an oral agreement to renew or extend a lease of said farm for a term to begin on March 1, 1949, to March 1, 1950; and if specific performance cannot now be obtained, then for damages for violation of said oral agreement by appellee herein.'' The com-

plaint further alleges that the plaintiff has no adequate remedy at law and he prays for a temporary and permanent injunction against Charlotte Mosser from prosecuting the judgment obtained in the police magistrate's court during the pendency of a hearing on the merits of the present controversy.

The court issued a temporary injunction as prayed, and on motion of the defendant, Mosser, the injunction was dissolved and the suit dismissed. From the order dissolving the temporary injunction and dismissing the suit, the plaintiff, Thomson, has prosecuted an appeal to this court.

It appears to us that the only question involved in this suit is whether equity will interfere to restrain the enforcement of a judgment at law, that has become final by reason of defendant's failure to exhaust his remedy at law.

██ The appellant, in his brief, has cited quite a number of authorities to sustain his contention that an oral lease for this farm was valid, provided that the tenant had partially performed his part of the agreement; that is, that he had plowed for corn, spread manure, built new hog pens, etc. No doubt the cases that he cites properly state the law as presented in these separate cases, but it is not applicable to the facts in this case. Here the appellee has a valid judgment against the appellant for the possession of the farm. Our courts have frequently held that a court of equity will not restrain the enforcement of a valid judgment of law. In the case of *Goelitz v. Lathrop,* 286 Ill. App. 248, the same question was presented there as in this case, and the court in that opinion uses this language: ''The next question presented is whether Goelitz was guilty of such negligence in connection with Lathrop's common law action against him as to preclude him from the relief sought in this proceeding, even though he was otherwise entitled to it. The rule is

universal that a party seeking to enjoin a judgment or the collection of a judgment must be free from all negligence and must have used the highest degree of diligence in the cause in which the judgment at law was entered. In *Cairo & St. L. R. Co. v. Holbrook,* 92 Ill. 297, the court said at p. 301: 'The doctrine has been uniformly held, that where a party has been served with process and neglects to make his defense, he cannot invoke the aid of a court of equity to grant him relief.' In *Ward v. Durham,* 134 Ill. 195, the court used this language at p. 202: 'The loss of a defense, to justify a court of equity in removing a judgment, must in all cases be occasioned by the fraud or act of the prevailing party, or by mistake on the part of the losing party, unmixed with any fault of himself or agent.' In *Kretchmar v. Ruprecht,* 230 Ill. 492, the court said at pp. 493, 494: 'It is immaterial to the decision of this case whether they had a valid defense or not. They had ample opportunity to present it if they had one, but without any reasonable excuse they neglected to do so. Equity will not relieve against a judgment at law except in cases of fraud, accident or mistake, and then only where the party applying for relief is free from all negligence.' '' To the same effect is *Mecartney v. Hale,* 318 Ill. App. 502; *Allen v. Hickey,* 53 Ill. App. 437 and *Mohr v. Messick,* 322 Ill. App. 56.

It is our conclusion that the court properly held that appellant's complaint did not state a good cause of action and properly dissolved the temporary injunction and dismissed the bill for want of equity.

*Order appealed from affirmed.*