## William J. Wright et al., Appellees, v. Anna S. Chandler et al., Appellants.

### Gen. No. 17,446.

1. MORTGAGES—*duties of trustee in trust deed.* The trustee in a trust deed is the trustee of the creditor as well as the debtor, and the relation imposes on him the duty of acting fairly for the best interests of all parties having rights in the property.

2. MORTGAGES—*rights of assignee of trustee in trust deed.* Where a trustee in trust deed pays taxes and redeems from tax sales under a deed providing that the trustee or the holder of the notes secured by the deed might pay taxes and redeem from tax sales and giving such party a lien superior to the lien of the mortgage debt for the money paid, an assignee of such trustee can assert only the rights and equities which the trustee could.

3. MORTGAGES—*duty of trustee in trust deed to notify holder of notes of default.* The failure of the trustee in a trust deed to notify the holder of the notes secured by such deed of the mortgagor's default in the payment of taxes is calculated to prejudice such holder's rights where the deed provides that either the trustee or the holder of the notes might pay taxes and redeem from tax sales and gives such party a lien superior to the lien of the mortgage debt for the money so paid.

4. MORTGAGES—*when lien of holder of notes secured by trust deed superior to that of trustee who paid taxes.* Where a trustee in a trust deed pays taxes on the premises in question and redeems from tax sales under a deed providing that the trustee or the holder of the notes secured by the deed might pay taxes and redeem from tax sales and giving such party a lien superior to the lien of the mortgage debt for the money paid, the lien to which such trustee is entitled is junior to that of the holder of the notes for the amount due where such trustee fails to notify the holder that his wife purchased the equity of redemption for little more than a nominal sum; that the mortgagor permitted the property to be sold for nonpayment of taxes; that the owner of the equity of redemption failed to redeem and that he redeemed as trustee by paying the amount of the sale and a sum equal to more than three-fourths of the amount of the sale for penalties and costs.

Appeal from the Superior Court of Cook County; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913. Rehearing denied June 9, 1913.

SHEPARD, MCCORMICK & THOMASON, for appellants.

HENRY W. LEMAN for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by Rosalie A. Selfridge, Anna S. and Frank R. Chandler from a decree of foreclosure on a bill filed by appellees, the holders of certain notes made by Albert Crane secured by a trust deed in the nature of a mortgage executed by Albert Crane and wife to Frank R. Chandler, Trustee, May 1, 1896.

The question presented is whether Mrs. Selfridge, one of the appellants, is entitled to a lien on the mortgaged premises prior to the lien of complainants for taxes paid and amounts paid to redeem the mortgaged premises from tax sales by Frank R. Chandler, the Trustee. Two years after the execution of the trust deed Crane and wife conveyed the equity of redemption in the mortgaged premises to appellant Anna S. Chandler, wife of the Trustee. This conveyance was held to be an absolute conveyance and not a mortgage in *Crane v. Chandler,* 190 Ill. 584.

The Master found that Frank R. Chandler paid the taxes and redemption money in question as agent for his wife and that Mrs. Selfridge had no right superior to the lien of the complainants. The decree overrules the exceptions of appellants to the Master's report; finds that there is due complainants $10,997.53; orders the property to be sold, etc., and that out of the proceeds the Master pay first the costs, second, complainants' solicitor's fees, third, the amount due complainants, and that he bring the surplus, if any, into court subject to the further order of the court. The evidence to show for whom the taxes were paid is not satisfactory. The loan was negotiated by Chandler and Company, a firm composed of Frank R. and Peyton R. Chandler. Peyton R. Chandler died November 7, 1896. Frank R. Chandler continued to carry on the

business under the name of Chandler & Co. until 1897, when the Chandler Mortgage Co. Bank was incorporated and the business was carried on in the name of the corporation two years and a half. Afterwards it was carried on under the name of Chandler Mortgage Co., not incorporated. We think that this business was from the death of Peyton R. Chandler carried on by Frank R. Chandler. He testified that his wife had a running account with Chandler & Co., the Chandler Mortgage Bank and the Chandler Mortgage Co., and that they had charge of her business.

The trust deed provided that in case of failure of the mortgagor to pay the taxes, either the trustee or the holder of the mortgage notes might pay the same or redeem from tax sales, and that in case of foreclosure the amount advanced for taxes, etc., by any party to the foreclosure proceedings, with seven per cent. interest should be paid prior to the mortgage debt. We are unable to concur in the conclusion stated by the Master, that Frank R. Chandler paid the taxes and redemption money as agent for his wife. It seems probable that a woman with an "inherited estate," who paid $1,500 for the equity of redemption in certain lots, would pay the taxes on such lots, but such probability is no substitute for proof that her husband paid the taxes for her and as her agent.

We think, however, that on another ground the lien of the trustee and of Mrs. Selfridge, his assignee, for moneys paid by the trustees should be postponed to the lien of the complainants for the mortgage debt.

The trust deed, as has been said, provided that either the trustee or the holder of the notes secured by the trust deed, might pay taxes or redeem from tax sales, and gave such party a lien superior to the lien of the mortgage debt for the moneys paid. The trustee in a trust deed is the trustee of the creditor as well as the debtor, and the relation of trustee imposes on him the duty of acting fairly for the best interests of all parties having rights in the property. *Gray v.*

*Robertson,* 174 Ill. 250; *Williamson v. Stone,* 128 Ill. 129; *Ventres v. Cobb,* 105 Ill. 33.

In *Meacham v. Steele,* 93 Ill. 135, speaking of a trustee under a trust deed, it was said: "A trustee is required to use that prudence and care in discharging the duties of a trust of this kind that a reasonably prudent and discreet man ordinarily exercises under like circumstances with reference to his own property." In *Bush v. Froelich,* 14 So. Dak. 62, the president of a loan company was the trustee in a trust deed which the company sold to the plaintiff. The mortgagor failed to pay the taxes, which were paid by the president of the loan company as trustee, as authorized by the deed, but no notice of the mortgagor's failure to pay the taxes was given to plaintiff, and it was held, that the loan company should not be allowed to claim out of the proceeds of a foreclosure sale a lien for such payments prior to the lien of the plaintiff for the mortgage debt. In this case the proof shows a great depreciation in value of the mortgaged premises. Their value was $9,000 May 1, 1896, and $2,900 in 1910. That this depreciation began soon after the making of the loan is shown by the fact that May 1, 1898, Anna S. Chandler purchased the equity of redemption in 150 lots covered by this trust deed and four others of the same date for $1,500. The first redemption from a tax sale of the mortgaged premises was made by the trustee September 24, 1898, when he redeemed five of the lots included in the trust deed in this case from a sale for the general taxes of 1896, and paid for penalties, interest, advertising and costs $55.60 to redeem from a sale for $69. It was apparent when this redemption was made that the security was scanty for the original loan of $4,500. Anna S. Chandler may have hesitated to pay the taxes, which she as owner should have paid, because she feared that the value of the property might not exceed the amount of the mortgage, and the trustee may have acted in her interest in redeeming as trustee with the belief that

if it turned out that the value of the property did not exceed the mortgage, he would have a lien for his advances prior to the lien of the mortgage debt. The failure of the trustee to notify the complainants of the default in the payment of taxes was calculated to prejudice the rights of the complainants. It is improbable that if the trustee had informed complainants that his wife had purchased the equity of redemption for little more than a nominal sum; that the mortgagor had permitted the property to be sold for nonpayment of taxes; that the owner of the equity of redemption had failed to redeem and he had redeemed as trustee by paying the amount of the sale and a sum equal to more than three-fourths of the amount of the sale for penalties and costs, that they would have refrained from directing a foreclosure of their mortgage, and if loss is to result to any party from a failure to foreclose, the trustee should sustain the loss and not the complainants. Mrs. Selfridge at most can assert only the rights and equities which the trustee could have asserted but for the transfer of his rights to her. We think that the lien to which the trustee or Mrs. Selfridge is entitled for the taxes and redemption money paid by the trustee should be subject and junior to the lien of the complainants for the amount due the complainants on said trust deed and the notes thereby secured.

We think the decree is in accordance with the rights and equities of the parties, and it is affirmed; but the motion that the costs of the additional abstract filed by appellees be taxed against appellants is denied.

*Decree affirmed.*