## Isaiah R. Clark et al., Appellees, v. Rosalie E. Selfridge et al., Appellants.

### Gen. No. 20,924.

1.  EQUITY, § 552*—*when failure to strike plea on striking affidavit of defense harmless.* While the better, long-continued and well-established practice is after striking the affidavit of defense to strike the pleas for want of a sufficient affidavit of defense, *held* not re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

versible error to proceed to hearing after striking the affidavit of defense as in case of a default without striking the pleas.

2. APPEAL AND ERROR, § 1275*—*when matter reviewed in absence of certificate that bill of exceptions contains all the evidence.* While in a general sense it would be essentially correct to say that where matter relied on in defense is in the bill of exceptions but not in the record, there being no certification that the bill of exceptions contains all the evidence heard, there is a presumption that the court heard sufficient evidence to support its judgment, yet the rule will not apply where the bill of exceptions patently contains all proceedings before the court in the trial of a cause without a jury, and in such case the bill of exceptions will suffice to bring before the Appellate Court for review the question of the legal sufficiency as a defense of the matter relied on.

3. APPEAL AND ERROR, § 1856*—*what rules govern construction of bond.* The doctrine of *strictissimi juris* is the canon of construction governing the liability of sureties on appeal bonds where the action is against both principal and surety.

4. APPEAL AND ERROR, § 1863*—*when appeal prosecuted with effect within condition of bond.* In an action on an appeal bond in a chancery action, conditioned that the principal obligors duly prosecute their appeal with effect, where only the object of the appeal was to have appellant's claim against certain mortgaged premises made a lien thereon, which was denied by the trial court, an order of the Appellate Court modifying the decree of the trial court in that respect and directing that such lien be established is such a material modification of the decree as to constitute a prosecution of the appeal with effect, thus satisfying the condition of the bond.

5. APPEAL AND ERROR, § 1034*—*what judicially noticed.* The Appellate Court will take judicial notice of the substantial and material facts set forth in an affidavit of defense which is of record in that court.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed November 15, 1915. Rehearing denied November 29, 1915.

SHEPARD, McCORMICK, THOMASON & PATTERSON, for appellants.

HENRY W. W. LEMAN and FRANK H. CULVER, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of debt on an appeal bond in the penalty of $1,500 given in the case of *Wright v. Chandler,* 180 Ill. App. 476, in which the condition was that the principal obligors duly prosecute their appeal with effect. To the declaration the defendants interposed several pleas, in the second of which they set up in bar of the action the foreclosure proceedings in the trial court, the appeal to this court and the final order of this court, and contend thereby that the appeal, in which the bond sued upon was given, was prosecuted with effect.

With their pleas the defendants filed an affidavit of merits setting forth in detail the matters and proceedings contained in their second plea, which, on motion of the plaintiff was stricken from the files as not stating facts which constituted a defense to the action, and thereupon the court proceeded to assess damages and found the debt to be $1,500 and assessed the damages at $1,500, the debt to be discharged upon the payment of damages, and upon this finding judgment was entered and this appeal prosecuted.

The matter appealed against in *Wright v. Chandler, supra,* was the finding in the foreclosure decree that defendant, Rosalie E. Selfridge, was not entitled to a lien upon the mortgaged premises for the amount advanced by Chandler, the trustee, under power in the trust deed, for certain taxes and redemption from tax sales of the mortgaged premises.

In the judgment entered by this court in *Wright v. Chandler, supra,* the decree appealed from was modified, the court finding, ''That neither in the record and proceedings of the Superior Court of Cook county aforesaid, nor in the rendition of the decree aforesaid, is there anything erroneous or defective, except in so far as said decree as entered fails to adjudge and decree that defendant, Rosalie A. Selfridge, the equitable

assignee of Frank R. Chandler, Trustee, is entitled to a lien on the mortgaged premises for the sum of Seven Hundred and Twenty and 17/100 ($720.17) Dollars, together with interest thereon at the rate of five per cent. (5%) per annum, from the day the decree in said cause was entered, for taxes paid on said premises and amounts paid to redeem the same from tax sales by said Frank R. Chandler, Trustee, but that said lien is junior and subsequent to the lien of the complainants as therein adjudged and decreed. Therefore, it is considered by the court that said decree be, and the same is hereby modified by incorporating therein the following:

"It is ordered, adjudged and decreed that the sum of Seven Hundred and Twenty and 17/100 ($720.17) Dollars, be, and the same is hereby adjudged to Rosalie A. Selfridge, the equitable assignee of Frank R. Chandler, Trustee, together with interest thereon at the rate of five per cent. (5%) per annum from the day the decree in said cause was entered for taxes paid on said premises and amounts paid to redeem the same from tax sales, by said Frank R. Chandler, Trustee, and that said Rosalie A. Selfridge have a lien on said mortgaged premises for said amount, together with said interest, but that said lien is junior and subsequent to the lien of complainants as adjudged and decreed in said decree.

"And it is further considered by the court that said decree, as modified, be affirmed and stand in full force and effect, notwithstanding the said matters and things therein assigned for error."

When the court struck the defendants' affidavit of merits from the files, the pleas of defendants remained. While in point of law the issues then before the court were encompassed within the declaration and the pleas, the court proceeded to the hearing as in cases of default. While this irregularity did not amount to reversible error, still the better, long-continued and

Clark v. Selfridge, 195 Ill. App. 357.

well-established practice is, in such a situation, to strike the pleas for want of a sufficient affidavit of merits.

Plaintiffs with much vigor contend that the affidavit is not before us, because the stricken affidavit is in the bill of exceptions and not in the record, there being no certification that the bill of exceptions contains all the evidence heard or considered by the court; and furthermore, that in this condition of the record the presumption obtains that the court heard sufficient evidence to support its judgment. While as a general proposition this contention is in its essence correct, still it has its exception, and we think the case at bar falls within the exception.

This was not a jury trial. The whole case was heard by the trial judge. The bill of exceptions shows the whole proceeding, every step and stage of it to its conclusion. There is no room to add by surmise as to what may have taken place. The whole proceeding is before us. Every word of counsel and of the court in that trial and all the rulings of the trial judge are so patently in the bill of exceptions, that any presumption not arising from its context is excluded. We think the ruling and the reasoning of *People v. Scanlan,* 265 Ill. 609, are clearly controlling of our decision on this question. In the *Scanlan* case, *supra,* the court say:

"Appellee contends that the bill of exceptions is insufficient because it is not shown, either by the certificate of the trial judge or otherwise, to contain all the evidence heard or considered by the court. We regard the bill of exceptions sufficient for the purpose of presenting the error which we have above considered, although there is no direct statement in the bill of exceptions, or in the certificate of the trial judge thereto, that it contains all the evidence."

The bill of exceptions in this case is sufficient to bring before us for decision the legal question as to whether the ruling of the trial judge in striking defendants' affidavit of defense from the files was erroneous.

The evidence on the hearing consisted of certain calculations made by counsel for plaintiff, in the verity of which the court entered judgment. All this appears *in extenso* in the bill of exceptions with the rulings of the court thereon. The judgment rests for its integrity upon the correctness of these proceedings.

The bill of exceptions recites the following at the conclusion of the hearing:

"THE COURT: You have the amount, the date of sale, and they have the right to have that credited, and then they have the right to be immediately paid whatever they are due.

MR. CULVER: I have figured it up.

THE COURT: Now that is a question of computation. I think you are entitled to a decree and Mr. Shepard may save his point. How much is due in this case, Mr. Culver?

MR. CULVER: There is due in this case $1,500.

THE COURT: Judgment will be entered for the plaintiff in this case in the sum of $1,500.

MR. SHEPARD: The defendants move in arrest of judgment.

THE COURT: Motion is denied.

To which action of the court in so denying the motion in arrest of judgment of the defendants, the defendants by their counsel then and there duly excepted.

THE COURT: Judgment will be entered here for the sum of $1,500 debt and $1,500 damages.

To which action of the court in so entering judgment, the defendants by their counsel then and there duly excepted.

MR. SHEPARD: We pray an appeal.

THE COURT: The defense have prayed and are allowed an appeal to the Appellate Court, with leave to file a bill of exceptions in sixty days and a bond in the sum of $1,750 in thirty days, and exceptions by the defendants to all these orders."

Then follows the certificate of the trial judge to the bill of exceptions, etc.

As said by the Supreme Court in the *Scanlan* case, *supra,* we say here:

"So in the case at bar, those portions of the bill of exceptions above quoted, when considered collectively, are equivalent to an express averment that the bill of exceptions contains all the evidence heard in the cause."

In citing *Cerny v. Glos*, 261 Ill. 331, the court say in the *Scanlan* case, *supra:* "The certificate of evidence disclosed practically the same situation as is presented by this bill of exceptions, and it was held that it showed, on its face, that it contained all the evidence."

On the motion to strike the affidavit of defense, Mr. Culver, for plaintiffs, said: "I move that the affidavit of merits be stricken from the files as not being sufficient in law to constitute a defense. It shows upon its face that it does not state a defense to this action." And the court in its ruling said:

"Upon a consideration of this affidavit of meritorious defense, I am of the opinion, Mr. Shepard, that it does not state a defense to this action, even admitting all the facts it states to be true, and for that reason I shall strike it from the files."

As said in *Haberer v. Hansen*, 148 Ill. App. 83: "The doctrine of *strictissimi juris* is the canon of construction governing the liability of sureties on bonds." This suit being against both principal and surety, this doctrine of construction is applicable.

The only question now remaining for decision is: Was the order modifying the decree in *Wright v. Chandler, supra,* material or immaterial? All that appellants in that case sought by their appeal was to have their claim made a lien upon the mortgaged premises. This the trial court denied them, but this court granted their claim and directed the court below to so modify the decree and it was done. We think

it clear that this was such a material modification of the decree appealed from as to constitute a prosecution of that appeal with effect, thereby satisfying the condition of the appeal bond.

We are referred by plaintiffs' counsel to the case of *Ely v. King-Richardson Co.*, 265 Ill. 148, as conclusively sustaining their contention in this regard. We cannot so interpret the case. There the decree required the delivery only of the notes involved in the litigation, while the decree as modified on review required the notes to be indorsed "without recourse." This was held to be an immaterial modification, and it was; but in the case at bar the appellants procured substantially all they sought, so that the modification was material, and we so hold.

The substantial and material facts set forth in the affidavit of defense are of record in this court, of which we will take judicial notice.

The judgment of the Superior Court is erroneous and is therefore reversed, and as the right to recover is predicated upon the bond and the record in *Wright v. Chandler, supra,* which together will not permit of a recovery, the cause is not remanded.

*Reversed.*