Isaiah R. Clark *et al.* Exrs., Plaintiffs in Error, *vs.* Rosalie A. Selfridge *et al.* Defendants in Error.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. Practice—*court may grant leave to file affidavit of meritorious defense.* Under section 55 of the Practice act it is within the discretion of the trial court to allow the defendant to file an affidavit of meritorious defense after filing his plea, even though the plaintiff is suing upon a bond and has filed an affidavit of merits; and in such case the plaintiff is not entitled to judgment as in case of default.

2. Appeals and errors—*what is not a material modification of decree.* Where the appellant, on appeal in a foreclosure proceeding, assigns error on the holding of the trial court that she was not entitled to a lien superior to that of the holders of the notes, a modification of the decree by which she is given a lien subsequent to that of the note holders is not such a material modification as amounts to a prosecution of the appeal with effect, within the meaning of the condition of the appeal bond.

3. Interest—*extent to which interest is recoverable in suit on appeal bond in foreclosure case.* Where an appeal is taken in a foreclosure proceeding and the decree is affirmed and a sale had

for less than the amount of the indebtedness, the appellees are entitled, in a suit on the appeal bond, to recover interest on the amount paid at the sale from the time the decree of sale was rendered until the time it was affirmed on appeal.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding.

HENRY W. LEMAN, (FRANK H. CULVER, of counsel,) for plaintiffs in error.

SHEPARD, McCORMICK, THOMASON, KIRKLAND & PATTERSON, for defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

A decree of foreclosure was rendered in the superior court of Cook county on December 3, 1910, against the defendants in error in this case, Rosalie A. Selfridge, Anna S. Chandler and Frank R. Chandler, in the suit of William J. Wright, Isaiah R. Clark and Henry B. Cram, executors of the last will and testament of James E. Wright, deceased, from which the above named defendants in error prosecuted an appeal to the Appellate Court for the First District, which was allowed on their giving bond in the penal sum of $1500, with Buckingham Chandler, the other defendant in error here, as surety. The condition of the bond was, that "if the said Rosalie A. Selfridge, Anna S. Chandler and Frank R. Chandler should duly prosecute their said appeal with effect, and moreover pay the amount of the costs, interest and damages rendered and to be rendered against them in case the said decree shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue." The decree was affirmed by the Appellate Court. (*Wright* v. *Chand-*

*ler,* 180 Ill. App. 476.) Later the Appellate Court vacated and set aside its order and judgment of affirmance entered on May 26, 1913, and on July 16, 1913, entered an order modifying the decree of the superior court, as follows: "It is ordered, adjudged and decreed that the sum of seven hundred and twenty and 17/100 ($720.17) dollars be and the same is hereby adjudged to Rosalie A. Selfridge, the equitable assignee of Frank R. Chandler, trustee, together with interest thereon at the rate of five per cent (5%) per annum from the day the decree in said cause was entered, for taxes paid on said premises and amounts paid to redeem the same from tax sales by said Frank R. Chandler, trustee, and that said Rosalie A. Selfridge have a lien on said mortgaged premises for said amount, together with said interest, but that said lien is junior and subsequent to the lien of complainants as adjudged and decreed in said decree; and it is further considered by the court that said decree as modified be affirmed and stand in full force and effect, notwithstanding the said matters and things therein assigned for error; and it is further considered by the court that the said appellees recover of and from the said appellants their costs by them in this behalf expended to be taxed and that they have execution therefor." Thereafter the superior court in said foreclosure suit did modify and amend its decree of sale by inserting and including therein the finding that Rosalie A. Selfridge, assignee of Frank R. Chandler, trustee, was entitled to a lien for the moneys advanced by said Chandler. The suit under consideration was begun by plaintiffs in error on September 20, 1913, by filing in the superior court of Cook county their declaration in debt on said bond, reciting, among other things, the affirmance by the Appellate Court of the decree of foreclosure and the carrying out of said decree by a sale of the property described therein for the sum of $8500, leaving a deficiency of $4288.72. An affidavit of merits that there was due to the plaintiffs from the defendants the sum

of $1533.47 was filed with the declaration. The defendants (defendants in error here) filed a demurrer to the declaration, which was overruled. They then filed a plea of *nil debet,* and also a second plea, in which they set up that they appealed from the decree in the foreclosure case, assigning among other errors that "the court erred in not finding that the defendant Rosalie A. Selfridge, as the legal and equitable assignee of Frank R. Chandler, trustee, has a valid and subsisting lien on said premises by reason of and for the amount of the advances made by Frank R. Chandler, the trustee named in the trust deed, with interest thereon at seven per cent per annum, and for costs and solicitor's fees herein for the advances made by Frank R. Chandler, the trustee named in the trust deed, for the redemption from tax sales of the property described in said trust deed as set forth in the answer of these defendants, and that the said Rosalie A. Selfridge is entitled to have the proceeds of any sale of said premises, or any part thereof, under any foreclosure of said trust deed, applied in accordance with the terms of said trust deed, to-wit: (*a*) In payment of all costs of suit, including solicitor's and trustee's fees; (*b*) in payment of all moneys advanced by any person or persons who shall be a party or parties to such foreclosure proceedings, for taxes, assessments, repairs, continuing abstracts of title, mechanics' liens, or for any other purpose authorized in said trust deed, with interest at the rate of seven per cent per annum on such advances; (*c*) in payment of the notes secured by said trust deed, with accrued interest thereon." On the hearing the Appellate Court modified the decree of the superior court, as hereinbefore set out. The plaintiffs made a motion for judgment under the statute for the reason that no affidavit of merits was filed with the plea, and the defendants moved and were granted leave to file an affidavit of merits instanter, and in their affidavit set up substantially the same facts constituting a defense as set up in the second plea. Counsel for the plaintiffs then moved that the affidavit of merits be stricken as being insufficient, which

motion was granted, and the court ordered the affidavit to be stricken from the files for the reason that it did not state a defense to the action, admitting all the facts stated therein to be true, and on motion of the plaintiffs (plaintiffs in error here) entered judgment in their favor, and against the defendants, in the sum of $1500. The defendants prayed and were allowed an appeal to the Appellate Court for the First District, and assigned as error that the court erred in striking from the files the affidavit of meritorious defense and denying a motion of the defendants asking for further time in which to file a further and amended affidavit of meritorious defense; in finding that the affidavit did not show a defense to the action; in entering judgment against the defendants in the sum of $1500 and in entering judgment against the defendants for any amount. The Appellate Court reversed the judgment of the superior court. The plaintiffs (plaintiffs in error here) filed in this court their petition for a writ of *certiorari* to remove the case to this court, which was allowed, and the case has been brought to this court pursuant to said writ.

The plaintiffs in error assign as error that the Appellate Court erred in not holding that they were entitled to judgment in the superior court as in case of default for want of an affidavit of meritorious defense, and in holding that the judgment of that court in *Wright* v. *Chandler, supra,* was a material modification of the decree of the court below in that case.

Section 55 of the Practice act provides: "If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him, * * * he shall be entitled to judgment, as in case of default, unless the defendant, or his agent or attorney, shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits. * * * Upon good cause shown, the time for filing such affidavit may be extended for such reasonable

time as the court shall order." The defendants filed their pleas and were granted leave by the court to file an affidavit of merits. The attorney for the defendants gave reasons why the affidavit had not been filed, and we think the court acted within its discretion, as provided by the statute, in allowing the affidavit of merits to be filed with the plea. We think it is true, as held by the superior court, that the affidavit (or the plea, which set up substantially the same matters of defense,) did not show a meritorious defense and the plea was bad. If the court had, in the exercise of a sound discretion, refused leave to file the affidavit when one had not been filed with the plea, it would then have been proper to order the plea to be stricken for want of an affidavit of merits, and then the plaintiffs would have been entitled to judgment as in case of default. It then would have been the better practice to assess or compute the amount of damages. The appeal was not from a money judgment but from a decree of foreclosure. All that was claimed in the suit on the bond was loss of interest that had accrued by the delay in taking the appeal, and it is conceded that interest was recoverable if there was no modification of the decree, the only question being as to the proper method of computation and the correct amount. Interest would run on the decree from the time of its rendition until it was satisfied by sale of the property decreed to be sold, and if the property had been sold for the amount of the mortgage debt included in the decree, and interest thereon to the date of sale, with other costs, there would have been no loss on that account. The property, however, did not sell for a sufficient amount to satisfy the decree. It did sell, as appears, for the sum of $8500. Plaintiffs in error were delayed, by reason of the appeal, in receiving this sum and are entitled to interest for the period of such delay. The decree of sale was December 3, 1910. The decree, as modified, was finally affirmed by the Appellate Court on July 16, 1913, and plaintiffs in error were entitled to a remanding order, and it appears that they obtained such order

and a sale was had soon afterwards. Other periods of delay, such as the date between the decree and the sale, would have been the same if no appeal had been taken. The interest, then, to which the plaintiffs in error were entitled was interest at the rate of five per cent per annum on $8500 from December 3, 1910, to July 16, 1913, and the superior court should have rendered judgment for an amount ascertained according to such computation. It follows that the court entered judgment for the wrong amount.

The other and principal question to be considered is whether the facts set up in the second plea and in the affidavit of merits to the said plea, which affidavit was stricken by the court, set up a good defense to the declaration,—in other words, was the modification of the decree by the Appellate Court such a modification that the appellants in that case could be said to have prosecuted their appeal with effect and escape liability on the appeal bond sued on? It was the contention of defendants in error in the foreclosure suit that Rosalie Selfridge was entitled, under the terms of the mortgage, to a lien superior to the lien of the note holders for money paid out for taxes, etc. It is claimed by the defendants in error that the fact that the Appellate Court modified the decree of the superior court and gave them a lien subordinate to the lien of the note holders was such a modification of the decree that they could say they had prosecuted their appeal with effect. The issue between the parties on appeal was that raised by the assignments of error. It clearly appears from the assignments of error on this point, which we have set out in full, that defendants in error, in the appeal in the foreclosure suit, were claiming a lien prior and superior to the lien of the note holders. They were not claiming a lien subordinate to that of the note holders, which the Appellate Court finally held they were entitled to, hence on the issues that were determined by the appeal the holding was against them. The modification by the Appellate Court was immaterial and they did not prosecute their appeal with effect. In *Ely* v. *King-Richardson*

*Co.* 265 Ill. 148, we held that a modification by the Appellate Court of a decree of the circuit court of Cook county was immaterial, where the decree of the circuit court had ordered certain notes to be delivered and the modification made by the Appellate Court consisted only of the addition to that part of the decree which required the delivery of the notes, of the words, "which notes shall be indorsed without recourse by the defendants," and that such modification did not justify the taxing of costs against the appellee.

The judgment of the Appellate Court and that of the superior court of Cook county will both be reversed and the cause remanded to the latter court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*