(No. 11344.—Cause transferred.)
ISAIAH R. CLARK *et al.* Exrs., Appellants, *vs.* FRANK R.
CHANDLER *et al.* Appellees.

*Opinion filed June 21, 1917.*

APPEALS AND ERRORS—*when Supreme Court cannot take juris-
diction by direct appeal.* The Supreme Court cannot take jurisdic-
tion by direct appeal from the trial court in a proceeding in equity
to ascertain the amount due on certain appeal bonds and to relieve
the complainants from the hardship and loss imposed by a judg-
ment of the Appellate Court holding that there was no right of re-
covery on such bonds, even though such judgment was erroneous.

APPEAL from the Superior Court of Cook county; the
Hon. CHARLES M. FOELL, Judge, presiding.

HENRY W. LEMAN, (FRANK H. CULVER, of counsel,)
for appellants.

SHEPARD, McCORMICK, THOMASON, KIRKLAND & PAT-
TERSON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The superior court of Cook county sustained the de-
murrer of appellees, Frank R. Chandler, Anna S. Chand-
ler, Buckingham Chandler and Rosalie A. Selfridge, to the
bill of complaint filed against them by the appellants, Isaiah
R. Clark and Henry B. Cram, surviving executors of the
last will and testament of Charles F. Wright, deceased, and
dismissed the bill at the costs of the appellants. An appeal
to this court was prayed for, allowed and perfected.

The material facts alleged in the bill and admitted by
the demurrer are as follows: Charles F. Wright filed in
the superior court of Cook county five bills to foreclose five
separate trust deeds securing five separate notes of Albert
Crane for different amounts and on different pieces of real

estate. While the suits were pending Charles F. Wright died, and the appellants and William J. Wright, his executors, were substituted as complainants. Rosalie A. Selfridge intervened in the suits and became a defendant, and a decree was entered in each case for the foreclosure of the respective trust deeds. From the five decrees five separate appeals to the Appellate Court for the First District were prosecuted, and in each case Buckingham Chandler was surety on the bond with Frank R. Chandler, Anna S. Chandler and Rosalie A. Selfridge. The five appeals were consolidated for hearing in the Appellate Court and were heard on one set of abstracts and briefs. During the pendency of the appeals William J. Wright, one of the executors, died, and his death being suggested the causes were continued in the names of the surviving executors. The five decrees were affirmed with an immaterial modification. The decrees were executed by sales of the real estate, resulting in a deficiency in each case. Afterwards complainants brought suits in the superior court on the five appeal bonds and recovered a judgment in each case in debt for the several amounts of the bonds, with damages, of $1500, $1033.01, $587.06, $600.44 and $190.14, with costs in each case. On appeal to the Appellate Court for the First District the cases were assigned to Branch "C," where they were consolidated for hearing and submitted on one set of abstracts and briefs and taken under advisement. Afterward the main court took the cases from Branch "C" and entered judgments in the five cases, reversing the judgments of the superior court and refusing to remand the causes, on the ground that there was no right of action on the appeal bonds. In one case in which the damages exceeded $1000 the complainants petitioned this court for a writ of *certiorari,* which was granted, and they asked the Appellate Court to vacate its judgments in the other cases and hold them under advisement until after this court had rendered its judgment allowing or denying the petition for a writ of

*certiorari,* but the Appellate Court denied the motion. This court granted the writ of *certiorari,* and the cause was heard upon error and the judgment of the Appellate Court was reversed and the judgment of the superior court was affirmed and the cause was remanded to the superior court. (*Clark* v. *Selfridge,* 274 Ill. 275.) When this court had entered its judgment the term of the Appellate Court at which the judgments were rendered had expired and that court had lost control of the judgments.

The prayer of the bill was that the amounts due the complainants upon each of the four judgments might be ascertained and the defendants required to pay them; that the defendants be restrained and enjoined from enforcing or seeking to enforce the judgments of the Appellate Court, and that said judgments be decreed to be null and void and to be clouds upon the real estate of the complainants and be removed therefrom.

The purpose of the bill is to recover the money due on the four appeal bonds, and counsel say that it is an original bill in the nature of a bill for new trials in the four suits at law. The propositions presented to the court in the brief are, that courts of equity have a right to grant new trials in suits at law where the facts show that the judgments are unconscionable and it is inequitable to permit them to remain in force; that while the judgments of the Appellate Court would be a bar in actions at law to recover the money due complainants, the judgments are wrong and inequitable under the principles of law laid down in this court in a case exactly the same both in facts and law. Neither in the bill nor in the argument presented is there any ground for a direct appeal to this court. There was no want of due process of law or any violation of a constitutional right, and the question whether or not equity will grant relief from the hardship and loss to which the complainants have been subjected by the judgments of the Ap-

pellate Court involves no question of which this court can take jurisdiction by an appeal from the superior court.

The cause is transferred to the Appellate Court for the First District.                                      *Cause transferred.*