Isaiah R. Clark and Henry B. Cram, Executors, Appellants, v. Frank R. Chandler et al., Appellees. `

## Gen. No. 23,476.

EQUITY, § 42*—*when will not correct errors made in court of law.* Where a bill set up five judgments obtained by complainants against defendants, an appeal in each case and a reversal on appeal to the Appellate Court, denial of a petition for rehearing in each case, filing in one case of a petition for certiorari in the Supreme Court and denial of a motion in each of the cases for a stay of issuance of a mandate until disposition of the petition for certiorari, award of certiorari, denial again of a motion in each of the other cases for a stay of mandate, subsequent reversal by the Supreme Court of the judgment in the case involved in the petition for certiorari, which was after expiration of the term of the Appellate Court at which the judgments in the cases were entered by that court, and complainants prayed that the amounts due them on four of the judgments be ascertained and the defendants required to pay them, that the enforcement of the Appellate Court's judgments be enjoined, that they be declared void and be removed as clouds upon the title to complainants' property; *held* that the bill would not lie, as the judgments of the Appellate Court in the four cases were final after expiration of the term at which they were entered, and a court of equity will not sit as a court for the correction of errors made in a court of law.

TAYLOR, J., dissenting.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed March 13, 1918. Rehearing denied March 25, 1918.

HENRY W. LEMAN, for appellants; FRANK H. CULVER, of counsel.

SHEPARD, McCORMICK, THOMASON, KIRKLAND & PATTERSON, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Isaiah R. Clark and Henry B. Cram, surviving executors of the last will and testament of Charles F. Wright, deceased, filed a bill of complaint in the Superior Court of Cook county against Frank R. Chandler, Anna S. Chandler, Buckingham Chandler and Rosalie A. Selfridge. The defendants filed a demurrer, which was sustained and the bill dismissed at complainants' costs. They prayed for and were allowed an appeal to the Supreme Court. Afterwards the Supreme Court rendered an opinion, holding that there was no question involved that permitted an appeal direct to that court and transferred the cause here. *Clark v. Chandler*, 279 Ill. 23.

It appears from the bill that complainants had obtained five judgments against the defendants, from which appeals were prosecuted to this court, and upon consideration of the cases by another division of this court, the five judgments were reversed. The amounts involved in each of the five judgments were respectively $1,500, $1,033.01, $587.06, $600.44 and $190.14. After the reversal by this court, a petition for rehearing was filed in each case and denied, and in the case where the amount of the judgment was $1,500 a petition for certiorari was filed in the Supreme Court. Thereupon motions were made in this court in each of the five cases to stay the issuance of the mandates until the disposition by the Supreme Court of the petition for certiorari. The motions were denied. The Supreme Court awarded a certiorari, and motions were again made in this court to stay the mandate in the four other cases, which motions were also denied. Afterwards the Supreme Court reversed the judgment of this court in the case involving $1,500, and as the term of this court had expired at which the judgments of reversal in the other four cases were entered,

complainants filed their bill in the instant case praying that the amounts due them upon each of the four judgments be ascertained and the defendants required to pay them; that the defendants be restrained and enjoined from enforcing the judgments of this court and that said judgments be decreed to be null and void, and to be clouds upon the real estate of the complainants and removed therefrom.

The bill further alleges that the facts involved in the five judgments reversed by this court were identical; that they were submitted and heard in this court on one set of abstracts, briefs and arguments, and since the Supreme Court in deciding the case involving $1,500 (*Clark v. Selfridge,* 274 Ill. 275) held that this court erred in reversing the judgments, complainants are entitled to recover from the defendants the amounts of such judgments. It is stated by counsel for complainants that this bill is an original one in the nature of a bill of review for new trials in the four suits at law; that courts of equity have power to grant new trials in suits at law where the facts show that the judgments are unconscionable and it is inequitable to permit them to remain in force; that complainants could not recover in an action at law, for the reason that the judgments of this court would be a bar, and therefore they have a right to come into equity.

It is conceded by both sides that they have been unable to find any authority in point. Counsel for complainants, among other cases, cite *Weaver v. Poyer,* 79 Ill. 417 and *Chapman v. American Surety Co.,* 261 Ill. 594, as sustaining their contention that a court of equity has jurisdiction in the instant case. We think these cases are not in point. In each of them it was held that where the defense was purely equitable and therefore not cognizable in a court of law, equity would take jurisdiction and grant relief.

It is unfortunate that this court made a mistake as to the law in deciding the five cases, but no court is infallible. A court of equity will not sit as a court for the correction of errors made in a court of law. *Gibbons v. Bressler*, 61 Ill. 110; *Hoffmann v. Burris*, 210 Ill. 587. This court had jurisdiction of the five cases, and the judgments entered in the four cases, after the expiration of the term at which they were entered, are final. Indeed, if complainants' contention were sustained, no judgment entered by any court of competent jurisdiction, not excepting the Supreme courts of the State and Nation, would be final, if it subsequently developed that the judgment was wrong. The defeated party could then apply to a court of equity, have the judgment set aside and relitigate the entire matter. We are clearly of the opinion that the chancellor correctly sustained the demurrer and dismissed the bill.

The decree of the Superior Court of Cook county is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE TAYLOR dissents.