In re Estate of Alfred Walzer, Deceased.
Robert E. Dowling, Jr., Appellant, v. Mary E. Walzer,
Appellee.

Gen. No. 42,552.

Opinion filed June 21, 1943.

JOHN C. DeWOLFE and AARON SOBLE, both of Chicago, for appellant.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellee; DELBERT A. CLITHERO and CARLTON L. FISCHER, both of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

June 11, 1941, Robert E. Dowling, Jr., who will hereafter be referred to as plaintiff, filed his petition in the probate court of Cook county, praying that letters of administration upon the estate of Alfred Walzer, deceased, be issued to him. Mary E. Walzer, the widow of the deceased, who will be referred to as defendant, filed her answer in which she set up certain

facts and opposed the issuance of the letters. October 3, an order was entered denying the issuance of the letters of administration, from which plaintiff appealed to the circuit court of Cook county. There was a trial in the circuit court and after hearing, an order was entered dismissing the petition, and plaintiff appeals.

The record discloses that Alfred Walzer, of Chicago, died intestate August 12, 1933, and plaintiff alleged in his petition, as amended, that Walzer left a personal estate of approximately $50,000, and his widow, Mary E. Walzer and his son, Alfred B. Walzer, his heirs at law; that plaintiff was a creditor of the deceased by virtue of being a creditor of the Garfield State Bank; that the bank failed and was liquidated and a suit was brought to enforce the constitutional and statutory liability of the stockholders. That Walzer's stock liability was $5,600 in the old Garfield State Bank and $26,300 in the consolidated bank; that the heirs of the deceased fraudulently concealed his death and personal property from plaintiff and his attorneys.

Mrs. Walzer, in her answer, denied the deceased left any personal property and stated that she and her son, Alfred B. Walzer, were entitled to preference over Dowling in case an administrator should be appointed. The answer further denied that she or her son had concealed the death of the deceased and alleged that the matters complained of had been adjudicated in a suit brought to enforce the stockholders' liability in the superior court of Cook county, which had been appealed to this court, *Madigan Bros., Inc. v. Garfield State Bank*, 310 Ill. App. 358; where it had been decided that the deceased left no personal property.

Plaintiff's theory of the case, as stated by his counsel, is that he, as a representative creditor of the deceased, was entitled to have letters of administration, under §§ 94 and 95 of the Probate Act, Ill. Rev. Stat.

1941, ch. 3, par. 246, § 94 and par. 247, § 95 [Jones Ill. Stats. Ann. 110.343 and 110.344]; that he is entitled to preference in obtaining the letters because of the conduct of the heirs at law of the deceased; that his petition was filed in apt time and that the proof adduced showed the deceased left assets; that he is not estopped or barred by the decision of this court in the *Madigan* case.

On the other side, defendant's theory is that plaintiff failed to prove the essential allegations of his petition; that there was no evidence that the deceased left any estate to be probated and no excuse was shown why Dowling waited nearly 8 years after Walzer's death before filing the petition; that the issues whether Walzer left an estate or whether Dowling was guilty of *laches*, whether there was fraudulent concealment on the part of the heirs, and whether Walzer made fraudulent conveyances of property in his lifetime were all raised ''and specifically passed upon and decided adversely'' to plaintiff in the *Madigan* case; that the decision in that case constitutes an estoppel by verdict.

In the *Madigan* case we filed an opinion May 19, 1941. That was a suit brought to enforce stockholders' liability in the Garfield State Bank in which it was decreed that Mary E. Walzer and her son, Alfred B. Walzer, were liable for $26,705.50. We reversed the decree and a petition for leave to appeal from the judgment of this court was denied by the Supreme Court (310 Ill. App. XVI.) In that case we said that neither Mrs. Walzer nor her son had ever been a stockholder of the bank; that the decree was entered July 16, 1936 by the superior court and while that suit was pending in the superior court, Walzer died, August 12, 1933, nearly 3 years before the decree was entered, and July 13, 1938, Mrs. Walzer and her son were first brought into the case by amendment to the complaint. We there said: ''in this amendment it was alleged that when Alfred Walzer died, August 12, 1933, he left

surviving the defendants who took possession of the property of which the deceased died possessed and were therefore liable for his liabilities. . . ." In their answer Mrs. Walzer and her son "deny they took possession of any properties of which the deceased died seized or possessed" and aver they were not liable for any of the deceased's liabilities; denied the jurisdiction of the court. The cause was referred to a master who took the evidence, found defendants liable and a decree was entered accordingly. In our opinion we then referred to *Trupp v. First Englewood State Bank of Chicago*, 307 Ill. App. 258, which was a stockholders' liability case and which we said was similar to the case at bar. And continuing we said: "There the plaintiffs sought to impose a stockholder's liability upon certain persons made parties for the first time more than two years after the original decree was entered; the affidavit filed in that case supporting the supplemental complaint was to the effect that certain facts had come to the knowledge of plaintiffs subsequent to the filing of the complaint which necessitated the filing of a supplemental complaint; this affidavit is in all respects like that in the instant case. No facts are stated which have come to the knowledge of plaintiffs, nor is any showing made that the fact of death of Alfred Walzer could not by the exercise of ordinary diligence have been ascertained preceding the entry of the final decree of July 16, 1936." Our opinion then points out that whether the decree was void because it was entered three years after Walzer died need not be passed upon because plaintiffs in that case had omitted this allegation upon which the decree against Alfred Walzer was based. And continuing we said: "Plaintiffs earnestly argue that the trial court had jurisdiction of defendants because they fraudulently concealed the death and assets of the deceased; that their attorneys failed to advise the court of the death

of said deceased and permitted a decree to be entered against him after his death, and also misled the court by failing to administer the estate of the deceased.'' We held the heirs of Alfred Walzer were under no duty to intervene and suggest the death of Alfred Walzer. The opinion goes on to say: ''We are of the opinion the master and chancellor were in error in finding defendants inherited property from Alfred Walzer which could be held liable for his stock liability. Alfred Walzer and his wife Mary E. were in the meat market business for many years; it was a prosperous business and in the spring of 1930 Alfred Walzer, then in failing health, told his son Alfred B. that if he would give up his employment with the Illinois Bell Telephone Company and go into the meat market business with him he would give him one-half interest in the business; this proposition was accepted and there was transferred to Alfred B. stock in the business of the principal value of $12,500. Mary Walzer testified that she and her husband were in the meat market business for many years and during the period they invested in two pieces of real estate and three mortgages—all in joint tenancy; these mortgages were foreclosed, and she claims to be entitled to the properties as surviving joint tenant. The first mortgage shows the master's deed issued to her. The second mortgage was bought in her name as the legal owner and holder of the note, and the property was bid in by her. The third mortgage was also bought in her name as the legal owner and holder of the note, and the foreclosure sale ran to her. It was sufficiently proven that Mary Walzer was a joint tenant of these properties and the owner by survivorship after the death of her husband. The evidence shows that the bank account in the Garfield State Bank was in the names of Alfred and Mary E. Walzer as a joint account. A former vice president of the bank testified

that their bank account and all the transactions and purchases of mortgages were joint, and their safety deposit box was under the same joint arrangement.

"The master apparently was of the opinion there had been fraudulent conveyances of these properties to Mary E. Walzer. An action to set aside fraudulent conveyances cannot take place in a representative suit to enforce a stockholder's liability. There must first be a recovery of a judgment and the return of an unsatisfied execution and the remedy is then by an independent proceeding in equity. . . . The record fails to establish that either of the defendants received or inherited any property from Alfred Walzer. The constitutional liability of a stockholder in a bank is not inheritable and the heirs cannot become liable for this unless by some overt act they accepted title to the shares of stock or the benefits flowing therefrom. The evidence fails to show these necessary facts.

"While we are of the opinion the evidence fails to show defendants inherited any property from Alfred Walzer which would impress any stockholders' liability upon them, our decision is based principally upon our conclusion that the court was without jurisdiction to bring in these defendants as additional parties two years after the final decree of July 16, 1936."

The evidence in the *Madigan* case was offered in evidence in the instant case and a great deal of other evidence was introduced or sought to be introduced by plaintiff, tending to show that Walzer, in his lifetime, had made fraudulent conveyances to his wife and son; that the mortgages and the bank account mentioned in our opinion in the *Madigan* case belonged to Walzer. All of these matters, we hold, were involved in the *Madigan* case and the matter cannot be relitigated although there is additional evidence in this case that was not produced in the *Madigan* case. But this cannot be considered in view of our former opinion *People ex rel. v. United States F. & G. Co.*, 306 Ill. App. 518–

522. See also *Clark v. Chandler*, 210 Ill. App. 69, affirmed 286 Ill. 180.

The suit to enforce a stockholder's liability has been in the courts for many years. As stated, the liability of Mrs. Walzer and her son was before us in the *Madigan* case and we held they were not liable. The Supreme Court refused leave to appeal from the judgment which we entered. There should be an end to litigation. We have in many opinions quoted from the Supreme Court of the United States in *Stoll v. Gottlieb*, 305 U. S. 165, where the court said: "It is just as important that there should be a place to end as that there should be a place to begin litigation." *Trustees of Schools v. City of Chicago*, 308 Ill. App. 391.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

Matchett, J., concurs.